| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** CDFRM |
|---|---|
| JAN 17 | |
| **U.S. DEPARTMENT OF JUSTICE** | **FEDERAL BUREAU OF PRISONS** |

| Institution: FCC Lompoc-Low | Incident Report Number: 3084272 | |
|---|---|---|
| Name Of Inmate: STEFFEY, BILLY | REG.NO.: 68463-097 | Unit: B-Low |
| Date of Incident Report: 01/31/2018 | Offense Code: 111 | |
| Date of Incident: 12/05/2017 | | |

Summary of Charges:
INTRODUCTION OR MAKING OR ANY NARCOTICS, MARIJUANA, DRUGS, ALCOHOL, INTOXICANTS, OR RELATED PARAPHERNALIA, NOT PRESCRIBED FOR THE INDIVIDUAL BY THE MEDICAL STAFF

I.   NOTICE OF CHARGE(S)

   A. Advanced written notice of charge (copy of Incident Report) was given to inmate on
      (date)    01/31/2018      at (time)    1940     (by staff member)    G. Corn, Investigator

   B. The DHO Hearing was held on (date)   02/13/2018   at (time)   0934

   C. Inmate was advised of the rights before the DHO by (staff member)    J. Webster, Counselor
      on (date)   02/05/2018    and a copy of the advisement of rights form is attached.

II.  STAFF REPRESENTATIVE

   A. Inmate waived right to staff representative. Yes ✓  No ____

   B. Inmate requested staff representative and _____ appeared.

   C. Staff Representative's Statement:

   D. Requested staff representative declined or could not appear but inmate was advised of
      option to postpone hearing to obtain another staff representative with the result that:

   E. Staff representative _____ was appointed.

III. PRESENTATION OF EVIDENCE

   A. Inmate neither admits or denies the charge(s).

   B. Summary of Inmate Statement:
      Inmate Steffey acknowledged his rights before the DHO. After being read the incident report, he stated, "I talked to Aguilar at length, I didn't think I was going to get a shot." He also provided a written statement.

   C. Witnesses:

      1. Inmate waived right to witnesses. Yes ✓  No ____

      2. The following persons were called as witness at this hearing and appeared (Each
         witness name and statement listed below):
         N/A

      3. The following persons requested were not called for the reason(s) given (Each witness
         name and statement listed below):

      4. Unavailable witnesses were requested to submit written statements and those statements
         received were considered (Each witness name and statement listed below):

   D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO
      considered the following documents:
      Inmate Investigative Report; Photosheets; Memorandums; TRULINCS Messages.

   E. Confidential information was used by DHO in support of his findings, but was not revealed
      to the inmate. The confidential information was documented in a separate report. The
      confidential information has been (confidential informants have been) determined to be
      reliable because:
      N/A. No confidential information relied upon.

| STEFFEY, BILLY | 68463-097 | 3084272 | 02/13/2018 |
|---|---|---|---|
| PDF | | Prescribed by P5270 | Replaces BP-304 of MAR 16 |

IV.  FINDINGS OF THE DHO
  ✓  A. The act was committed as charged.         C. No prohibited act was committed:
     B. The following act was committed:              Expunge according to Inmate
                                                     Discipline PS.

V.  SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO notes the date entered in Block 4 of the incident report (01/31/2018, the date the investigation closed) is in error. The correct date, the date narcotics were interdicted in the mail-room as described in the incident report, is 12/05/2018) This was pointed out to the inmate during the DHO hearing, and he had no objection and indicated he was ready to proceed.

The DHO has made a finding that you committed the prohibited act of Code 111, Introduction of any narcotics, based on the following evidence:

1) The DHO relied on the written report from a staff member:

A written statement submitted by S. Aguilar, SIS Technician, which states: On January 31, 2018, SIS received SIS Case LOF-17-0034, signed by the Warden indicating on January 30, 2018, an SIS investigation was completed. During the course of this investigation it was concluded inmate Steffey, Billy, Reg. No. 68463-097, was involved in the introduction and sale of designer drugs at FCC Lompoc-FCI (Low). On December 5, 2017, Mail Room staff received an incoming envelope from Law Offices of Leslie R. Ramos, 901 H St., Sacramento, CA 95814, with tracking number 70171450000084946239, addressed to inmate ▬▬▬ ▬▬▬ Reg. No. ▬▬▬. The envelope had a suspicious amount of markings on it, and upon inspection, there were ten (10) unusually thick pieces of paper inside. Utilizing a light box, stains and discoloration could be seen on the papers. The paper was tested with the NIK Narcotics Identification System test kits A and U, with a positive test for Amphetamines. A review of the TRUVIEW system 1 Degree of Separation of ▬▬▬ reveals, a money link with inmate Steffey, Billy, Reg. No. 68463-097. A review of TRULINKS messages for Steffey revealed, on November 23, 2017, at 11:51 am, Steffey sent an outgoing email to Lisa Rassmussen ESQ inmateresoursces@protonmail.com. In the email Steffey states, "Just this time, draft my motion exactly the same and serve on the same guy." On November 25, 2017, at 5:42 pm, an outgoing email from Steffey to Lisa Rassmussen ESQ inmateresoursces@protonmail.com, Steffey states, "Please resend that eviction again to the exact same tenant as you did last time. Go heavy!" On December 5, 2017, at 8:42 am, outgoing email from Steffey to Lisa Lisa Rassmussen ESQ inmateresoursces@protonmail.com, Steffey states, "Please take care of what I paid you to do and serve the guy." On December 5, 2017, at 1:06 pm, incoming email from inmateresoursces@protonmail.com, to Steffey, email states, "I reached out. 70171450000084946239 "(tracking number of incoming envelope). On December 5, 2017, at 1:16 pm, an outgoing email from Steffey, Lisa Rassmussen ESQ inmateresoursces@protonmail.com, Steffey states, "Thank you Lisa." On December 5, 2017, at 5:06" pm, incoming email from inmateresoursces@protonmail.com, to Steffey email states, "Did the documents get served have u heard from the tenant." On December 5, 2017, at 5:45 pm, an outgoing email from Steffey, to Lisa Rassmussen ESQ inmateresoursces@protonmail.com, Steffey states, "No. Should they of? The property manager said he hasn't mentioned anything. When you look at the email, does it show he got the email already? What day?" Through the multiple Email communications, it reveals, Steffey facilitated and arranged with an outside person to have narcotic soaked papers to be sent to another inmate housed at FCC Lompoc-FCI (Low). Communications also reveal Steffey was aware of the package being sent and had been anticipating its arrival. Steffey received confirmation of it with the tracking number that matched with the package that was sent to inmate ▬▬▬.

2) Your statement to the Investigator:

The DHO first reviewed and considered your statement to Lieutenant G. Corn, Investigator, who stated you were issued a copy of the charges against you, you were read your rights, and you stated you understood your rights during the Disciplinary Process. You were quoted during this interview as saying, "I have no comment, due to possible charges being brought on by outside law enforcement agency." The DHO notes you were informed of your rights and considered your refusal to make a statement as an adverse inference against you; however, this alone was not used to make a finding that you committed this prohibited act.

The DHO also noted you maintained a good attitude during this investigation.

3) Your statement to the Unit Disciplinary Committee:

The DHO then considered, and gave great weight to your statement at the Unit Disciplinary Committee (UDC) Hearing in which you were quoted as saying, "I have no comment, due to possible charges being brought on by outside law enforcement agency." The DHO notes that your refusal to make a statement at the UDC Hearing on behalf of your defense was considered as an adverse inference against you. However, this was not the only evidence relied upon to make a finding in this case.

4) Witness(es) statement: Waived by the inmate.

5) Staff representative statement: Waived by the inmate.

6) Memorandum(s), photographs, and other evidence considered:

The DHO considered Inmate Investigative Report #LOF-17-0034, which describes in detail the investigation leading up to the incident report, and from which the elements of the incident report are drawn. The contents of this report are FOIA Exempt and therefore not disclosable to you.

The DHO considered the photographic evidence depicting the mail items and NIK polytest as described in the incident report.

The DHO considered the memorandum submitted by B. McDaniel, Correctional Systems Officer, in which they described how they discovered the narcotic laced mail items.

The DHO also considered the memorandum submitted by S. Aguilar, SIS Technician and incident report writer, in which they described how they tested the items using the NIK polytest kit.

The DHO also gave due consideration to the TRULINCS e-mails in which you correspond with Lisa Rassmussen ESQ; and takes particular note that you discuss Tracking Number 70171450000084946239, the tracking number of the package as described in the incident report. This e-mail clearly associates you with the narcotic containing package delivered to FCC Lompoc.

7) Statement at the DHO hearing:

You acknowledged your rights before the DHO. After being read the incident report, you stated, "I talked to Aguilar at length, I didn't think I was going to get a shot. I know of other drug issues"

Inmate Steffey also provided a written statement: Staff should be held to the same or a higher standard as far as following rules and program statement. AW Garcia has already told mailroom and SIS to STOP OPENING LEGAL MAIL. If a package was "suspicious" they could of still opened it in front of inmate per policy, returned to sender or called law office. Excuse to open legal mail. NOTHING IN POLICY ALLOWS.
Aguilar told Lt. Corn he didn't want to write a shot, came from over his head.
Person who was receiving mail got no shot. Only reason I did was because I got tracking emailed to me. Both of us communicated with same guy for legal help. No emails of me asking for drugs or relaying who to email to. Did I get his tracking by mistake?
What is "designer drugs"?? Has it been tested? Does anyone even know what it is? Could be coffee spill for all we know.
My paralegal has sent real lawyer twice to see me and have me sign documents while at Lompoc to evict people.
No history of drug sales ever. Nothing found in my property or locker and no money transfers or large deposits. Only same 4 family members send me money.
NUMEROUS ERRORS on shot ie (date, emails being sent, emails out of context to fit narrative, opening legal mail)

Conclusions and findings:

You claim the legal mail shouldn't have been opened. The mail wasn't addressed to you, you have no standing to comment on how mail to other inmates is handled.

You claim the report writer didn't want to write an incident report, he was ordered to do so. Staff are obligated to prepare an incident report when they become aware of misconduct; they do not have discretion, particularly in regards to serious charges.

You claim you were emailed the tracking number by mistake. The DHO believes this claim to be incredible.

| STEFFEY, BILLY | 68463-097 | 3084272 | 02/13/2018 |
|---|---|---|---|
| PDF | Prescribed by P5270 | | Replaces BP-304 of MAR 16 |

You claim you have no history of drugs. That claim has no bearing on the charge that you facilitated the introduction of narcotics into FCC Lompoc in this case. The DHO further notes you verbally stated to the DHO that you know of other drug issues. The DHO considers this statement adversely, as it suggests you are purposely withholding potentially incriminating information.

You question whether the narcotics were tested. They were, and the results were positive for amphetamine.

The date error on the incident report was discussed with you at the beginning of the DHO hearing. Noted.

After being advised of your rights by the investigator and by the UDC, you neither admitted nor denied the charge. As noted above, the DHO drew an adverse inference in determining that you committed the prohibited act as charged.

Therefore, based on the greater weight of the totality of the evidence presented above, the DHO concludes you committed the prohibited act of Code 111, and the charge is sustained. The following sanctions are imposed:

| VI. | SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act) | |
|---|---|---|
| | Disallow Good Conduct Time From | |
| | PLRA Comp #010 | 41-Days |
| | Disciplinary Segregation | 60-Days (Suspended pending 180-days clear conduct) |
| | Loss of Commissary Privileges | 180-Days |
| | Loss of Visiting Privileges (All Social Visiting Privileges) | One Year (Suspended pending 180-days clear conduct) |

VII. REASON FOR EACH SANCTION OR ACTION TAKEN
CODE 111: Introduction of any narcotic not authorized by medical staff in a correctional setting is a very serious violation in that these narcotics are brought into the institution via illegal means and pose a serious threat to the secure and orderly running of the institution.

The loss of privileges are punitive sanctions administered in an effort to discourage any future disruptive behavior. The disallowance of Good Conduct Time is a mandatory sanction based on your sentence method. These disciplinary sanctions administered are done so in proportion to the frequency and severity of the prohibited act code violation committed, and is in compliance with guidelines set forth in P.S. 5270.09 Inmate Discipline Program.

VIII. APPEAL RIGHTS   02/13/18 The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| W.J. Chetwood, DHO | | 02/16/2018 |

DHO Report Delivered to Inmate by:

W. Chetwood
Printed Name of Staff        Signature of Staff        2-16-18  1456
                                                       Date and Time Delivered

Via 1st Mail

STEFFEY, BILLY         68463-097          3084272              02/13/2018
PDF                    Prescribed by P5270              Replaces BP-304 of MAR 16