**Elizabeth G. Daily, OSB #111758**
**Assistant Federal Public Defender**
**Email: liz_daily@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel: (503) 326-2123**
**Fax: (503) 326-5524**

**Attorney for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BILLY F. STEFFEY,** | **Case No. 3:19-cv-00093-JR** |
| **Petitioner,** | |
| **v.** | **PETITIONER'S MOTION FOR DISCOVERY** |
| **WARDEN J. SALAZAR,** | |
| **Respondent.** | |

Petitioner, Billy F. Steffey, through his attorney, Elizabeth G. Daily, respectfully seeks

leave of this Court, pursuant to the All Writs Act, 28 U.S.C. § 1651, to compel the respondent to

provide discovery of information and materials within the sole possession and/or knowledge of

the respondent that are relevant to his pending petition for writ of habeas corpus. This motion

encompasses the items specifically enumerated below and is supported by the pleadings filed to

date and the legal argument set forth below.

**Discovery Request**

Mr. Steffey seeks discovery of the following:

1. Full and exact copies of any and all documents submitted by the petitioner as part of his administrative appeal of the disciplinary sanction at issue here.

2. Access to all physical evidence related to Mr. Steffey's disciplinary violation, including the paper upon which the violation was based and the NIK test used, for inspection and examination by defense counsel and any defense expert.

3. Any and all results or reports of chemical analyses of the paper upon which the disciplinary violation was based.

4. All photographs taken during the Bureau of Prisons investigation of Mr. Steffey's alleged violation, to be provided in their native digital format to ensure color accuracy.

5. Any and all reports, records, and files regarding disciplinary actions against Mark Patrick Johnson, Reg. No. 68603-065, for any violation of Code 111 (introduction of narcotics) or any other prohibited act arising out of the same act, transaction, or series of transactions for which Mr. Steffey was disciplined.

6. All emails between DHO Chetwood and SIS Aguilar relating to the alleged violation of Code 111 by Mr. Steffey or related acts by Mark Patrick Johnson, Reg. No. 68603-065, and/or the sanction to be imposed for such acts.

7. Any and all Bureau of Prisons manuals, training materials, program statements, operations memorandums, or other writings of any sort regarding the agency's acquisition, storage, and use of narcotics identification tests for disciplinary or other purposes.

Page 2   PETITIONER'S MOTION FOR DISCOVERY

8. All records establishing the training and certification of the individual who conducted the NIK tests in this case, which appears to be SIS Aguilar, regarding how to use NIK tests, including training specifically as to how to test different types of substances (e.g., powder, liquids, paper), how to interpret test results, and whether confirmatory laboratory testing is required.

9. All records identifying the manufacturer of the NIK test used here, its date of purchase, and the manner of storage.

10. Any and all Bureau of Prisons documents establishing the procedure for confirmatory laboratory testing of chemical test results.

11. Records establishing the frequency of use of narcotics identification tests at FCI Lompoc, the number of disciplinary violations in which NIK test results were used, specifying the number of such violations that were verified by laboratory testing, the number of known instances of false positive results or erroneous results for NIK Test A or Test U.

**Authority for Discovery Request**

In *Harris v. Nelson*, 394 U.S. 286, 299 (1969), a mandamus case, the Supreme Court held that the All Writs Act, 28 U.S.C. § 1651, confers on lower courts authority to order discovery when suitable to the proper disposition of a petition for habeas corpus under 28 U.S.C. § 2241. The All Writs Act empowers courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The purpose and function of the All Writs Act is "to supply the courts with the instruments needed to perform their duty, as prescribed by Congress and the Constitution[.]" *Harris*, 394 U.S. at 299-300 (citing *Price v. Johnston*, 334 U.S. 266, 269 (1948)).

In permitting discovery for habeas corpus proceedings, the Supreme Court emphasized the historic importance of the writ of habeas corpus, which is "the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." *Harris*, 394 U.S. at 291-92. The Court instructed that the writ must be "administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Id.* at 292. Because of its importance, the Court made clear that habeas petitioners "are entitled to careful consideration and plenary processing of their claims including full opportunity for presentation of the relevant facts." *Id.* at 298. And the Court noted the need for court intervention in this regard because "the petitioner, being in custody, is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition[.]" *Id.* at 292. Therefore, permitting discovery helps prevent habeas corpus proceedings from "founder[ing] in a 'procedural morass[.]'" *Id.* at 292 (quoting *Price v. Johnston*, 334 U.S. 266, 269 (1948)).

The Court in *Harris* held that, under the All Writs Act, district courts can "fashion appropriate modes of procedure" for discovery in habeas corpus proceedings "by analogy to existing rules or otherwise in conformity with judicial usage." The Court concluded:

> [I]n appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243.

394 U.S. at 290.

In this case, the Court should authorize the requested discovery, which is not unreasonably broad or intrusive. As set out in the supplemental memorandum filed on July 23, 2019 (CR 17), the primary question in this petition is whether the Bureau of Prisons (BOP)'s disciplinary action was premised on an unreliable result from a narcotics chemical field tests that is known to produce

**Page 4   PETITIONER'S MOTION FOR DISCOVERY**

false positive results and that was not used in accordance with the manufacturer's instructions. NIK tests are generally understood to lack evidentiary value when used without a confirmatory laboratory test because they are merely screening tests that alert to the presence of a broad range of substances—both controlled substances and other substances that have similar chemical structure to controlled substances. Thus, the tests produce a high rate of false positives. Moreover, to the extent that NIK tests can be deemed to have any evidentiary value for identifying the presence of a controlled substance, they must be utilized in accordance with established testing procedures. The discovery requested here is necessary to provide Mr. Steffey a full opportunity to present all of the facts relevant to his claim that the BOP disciplined him based on the result of a test that BOP staff knew or had reason to know was unreliable.

In addition to the reliability of the NIK test, Mr. Steffey has raised an additional allegation that the outcome of his case was predetermined by outside consultation between the disciplinary hearing officer and investigating officer. Mr. Steffey has no other means to counter the government's bare denial of his allegations than requesting the documentary records pertaining to such communications and to the related discipline of another inmate for the same conduct.

This request for discovery is reasonable in scope because it asks only for items that are within the sole custody of the BOP and thus cannot be obtained by petitioner through other means. Additional the items requested are all directly relevant to the particular issues raised in this case and to Mr. Steffey in particular.

**Page 5   PETITIONER'S MOTION FOR DISCOVERY**

**Conclusion**

For all of the foregoing reasons, it is respectfully requested that the Court order respondent Warden Salazar to provide the items of discovery requested above or state why such items cannot be provided.

Respectfully submitted this 7th day of August, 2019.

/s/ Elizabeth G. Daily

Elizabeth G. Daily
Attorney for Petitioner