**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
**JARED D. HAGER, WSB #38961**
Assistant United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Phone: 503.727.1120
Email:  jared.hager@usdoj.gov
        Attorneys for the Government

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **BILLY F. STEFFEY JR.**, | Case No.: 3:19-cv-00093-JR |
| Petitioner, | RESPONSE TO MOTION FOR |
| v. | DISCOVERY IN SUPPORT OF PETITION |
| | FOR WRIT HABEAS CORPUS UNDER 28 |
| **WARDEN J. SALAZAR**, | U.S.C. § 2241 |
| Respondent. | |

Steffey's Motion for Discovery, ECF 20, should be denied for three reasons.  First, the 11 categories of documents requested do not meet the standard under the All Writs Act, 28 U.S.C. § 1651, because Steffey has not established a prima facie case for relief and the discovery is not necessary for the Court to resolve the Petition.  *See Harris v. Nelson*, 394 U.S. 286, 29 (1969).  Second, Congress has not otherwise authorized the production of documents in a challenge to prison discipline under 28 U.S.C. § 2241.  By contrast, numerous courts uphold NIK drug test results as admissible, probative evidence without requiring confirmation testing.  Third, Steffey's requests are individually problematic, and should be denied as inappropriate in this case.  The Government respectfully asks the Court to deny the Motion.

**Page 1          Response to Motion for Discovery**

## INTRODUCTION

The BOP disciplined Steffey for bringing drugs into prison.  Steffey challenges the discipline on due process grounds.  ECF 1, Petition at 6-8.  Accordingly, the Court must decide (a) whether DHO Chetwood's finding is supported by "some evidence," as required by *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985), and (b) whether Steffey's disciplinary hearing had the requisite procedures outlined in *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974).  Both questions can be resolved on the administrative record presently before the Court without atypical discovery.

Steffey seeks to compel the production of 11 categories of documents.  *See* ECF 20, Motion at 3-4.  Nine address the sufficiency of the evidence, with particular emphasis on attacking the absolute accuracy of the NIK drug test.  *See id.*  But the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence;" instead, the inquiry is "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board."  *Hill*, 472 U.S. at 455-56 (emphases added).  In this case, Steffey emailed unusual instructions to a purported attorney, resulting in odd-looking paper being sent to the prison.  The paper tested positive for drugs.  The purported attorney – Steffey's agent, presumably – submits no evidence to clarify the exchange.  Neither does Steffey.  *See* ECF 11, Response at 3-4, 6-8 & n.1.  In other words, Steffey's discipline is supported by some evidence notwithstanding the precise weight of any particular piece of evidence.

Steffey also requests two categories of documents – not known to exist – aimed at showing a procedural due process violation.  But Steffey's bald charge of bias, even if sworn, fails to justify documentary discovery in habeas proceedings.  If it were otherwise, discovery would be routine, not exceptional.  Moreover, in this case, the theory of bias is logically inconsistent and not shown to result in actual prejudice.  If an error is harmless, this Court should uphold the discipline.  *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011); *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006).

**Page 2**        **Response to Motion for Discovery**

## ARGUMENT

The Government respectfully asks the Court to deny the Motion and resolve the Petition on the administrative record submitted to the Court, as is standard in habeas proceedings under 28 U.S.C. § 2241. The record satisfies both the *Hill* and *Wolff* standards. However, if the Court determines insufficient evidence supports the discipline or a non-harmless procedural error actually prejudiced Steffey, the Government respectfully asks the Court to remand for the BOP to either (a) hold a new disciplinary hearing that cures any due process violation the Court finds, or (b) expunge the discipline.

**I.      Steffey's Document Requests Do Not Meet the *Harris v. Nelson* Threshold.**

Steffey invokes the All Writs Act as the source of the Court's authority to order documentary discovery in this habeas proceeding. *See* ECF 20, Motion at 1, 4. In *Harris*, the Supreme Court confirmed that the Federal Rules of Civil Procedure are inapplicable to habeas proceedings and, therefore, judicial power to order discovery flowed from the All Writs Act and the statutory mandate to resolve habeas petitions "as justice requires." *See* 394 U.S. 286, 299 (1969) (discussing 28 U.S.C. § 1651 and 28 U.S.C. § 2243). The power is constrained, however:

> [I]n appropriate circumstances, a district court, confronted by a petition for habeas corpus which *establishes a prima facie case for relief*, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts *necessary* to help the court to dispose of the matter as law and justice require.

*Id.* at 290 (emphases added) (internal quotation marks omitted).

Steffey has established neither a prima facie case for relief nor the necessity of discovery to resolve this case fairly. First, the allegation that the DHO and investigator conspired to give Steffey a light punishment in exchange for admitting guilt is implausible and inconsistent with the facts. *See* ECF 1, Petition at 7, 16. That theory, even if substantiated, does not by itself show a substantial and injurious effect on the outcome of the proceedings, or actual prejudice. *Cf. Ali v. Obama*, 736 F.3d 542, 551 (D.C. Cir. 2013) (holding that any error from the Government's failure to produce documents

in a habeas proceeding was harmless since the result would be the same even if a particular point were proven).  In any event, as stated below, the BOP has no emails between DHO Chetwood and SIS Aguilar about Steffey's Code 111 violation.  The Court should therefore deny the Motion with respect to Request Nos. 5 and 6.

Second, the Court can resolve the substantive due process challenge without more facts.  The Government set forth evidence supporting Steffey's discipline for introducing drugs.  *See* ECF 11, Response; ECF 12, Declaration of DHO Chetwood.  If "some evidence" supports the charge, the Court must uphold the discipline.  *See Hill*, 472 U.S. at 455-56.  The evidence here is greater than zero.  DHO Chetwood relied upon multiple facts to make his determination, such as the detailed communications between Steffey and the supplier, including the exact tracking number of the seized envelope.  *See* ECF 12, Declaration of DHO Chetwood, ¶¶ 17-21 & Exs. B, E, F.  The DHO also found Steffey lacked credible explanations and made multiple, demonstrably false statements.  *See id.*  Of course, the envelope contained odd-looking paper for legal documents, which appeared to be soaked in liquid narcotics and NIK tested positive for narcotics.  *See id.*  The totality of the evidence put to the DHO satisfies the *Hill* standard.  The Court need not dig deeper, and should deny the Motion with respect to remaining discovery requests.

The law recognizes prison discipline takes place in a "highly charged atmosphere," and BOP staff must act swiftly on evidence that "might be insufficient in less exigent circumstances."  *Hill*, 472 U.S. at 456.  Today, liquefied drugs pose well-publicized and vexing problems for prisons.  *See, e.g.*, Wash. Post, *Jail inmates now getting drug-soaked paper through mail, jails moving to stop it*, Mar. 10, 2016, *at* https://www.washingtonpost.com/news/true-crime/wp/2016/03/10/jail-inmates-now-getting-drug-soaked-paper-through-mail-jails-moving-to-stop-it.  The dangerousness is well publicized, too.  *See, e.g.*, Wash. Post, *Jake the narcotics dog went into a prison to sniff for drugs. What he found killed him.*, July 22, 2019, *at* https://www.washingtonpost.com/science/2019/07/23/jake-narcotics-k-died-after-

sniffing-synthetic-weed-an-alabama-prison/.  In the context of this case, the Government respectfully submits that the NIK test provides sufficiently reliable evidence in conjunction with the other evidence and circumstances to render any shortcoming harmless error.  *See, e.g., Spence v. Farrier*, 807 F.2d 753, 756-57 (8th Cir. 1986) (holding that an unconfirmed urinalysis testing ("EMIT") was reliable enough to use in prison disciplinary hearings because "[a]lthough it is conceivable that an inmate could be unjustly disciplined as a result of EMIT tests, the margin of error is insignificant in light of institutional goals"); *Jackson v. Shartle*, No. CV-17-00526-TUC-JAS-BPV, 2019 WL 1795593, at *3 (D. Ariz. Mar. 13, 2019), *report and recommendation adopted*, No. CV-17-00526-TUC-JAS-BPV, 2019 WL 1816687 (D. Ariz. Apr. 24, 2019) (concluding that no additional testing is necessary after an initial positive NIK test result); *Baker v. Lake*, No. 1:18-CV-01642-SKO-HC, 2019 WL 1455326, at *4 (E.D. Cal. Apr. 2, 2019), *reconsideration denied*, No. 1:18-CV-01642-SKO-HC, 2019 WL 2125458 (E.D. Cal. May 15, 2019) (finding a positive NIK test to be "some evidence" of illegal drugs).  Due process does require any confirmation testing in the prison context.  *See Peranzo v. Coughlin*, 850 F.2d 125, 126 (2d Cir. 1988) ("Though the risk of false positives has not been entirely eliminated, we agree with Judge Sand that use of the test results may be relied upon as sufficient evidence to warrant prison discipline under the standards of *Superintendent v. Hill*.") (citation omitted); *Rivas v. Cross*, No. 2:10-CV-98, 2011 WL 1601289, at *7-8 (N.D. W. Va. Apr. 1, 2011), *report and recommendation adopted*, No. 2:10-CV-98, 2011 WL 1601288 (N.D. W. Va. Apr. 27, 2011), *aff'd*, 448 F. App'x 332 (4th Cir. 2011) (rejecting inmate's challenge to NIK test reliability, and denying request for confirmation testing).

## II.    Congress Did Not Otherwise Authorize Steffey's Document Production Requests.

Congress set rules governing documentary evidence and discovery in § 2241 habeas petitions. *See* 28 U.S.C. §§ 2246-47.[1]  As a result, Rule 34 of the Federal Rules of Civil Procedure does not authorize document production requests in this case.  *See* Fed. R. Civ. P. 81(a)(4)(A); *see also Harris*, 394 U.S. at 292-293 (holding that Rule 33 does not apply to habeas proceedings); *Shabazz v. United States*, 935 F.2d 275, 1991 WL 99620, at *2-3 (9th Cir. 1991) (unpublished).  Steffey does not argue otherwise, or identify another source of authority to compel document production in a habeas proceeding.  *See* ECF 20, Motion at 1, 3-4 (relying only on the All Writs Act and *Harris v. Nelson*, 394 U.S. 286 (1969)).

The statutory scheme is reflected in the case law.  Steffey does not identify a single court that has compelled the production of documents in a § 2241 habeas proceeding challenging discipline for drugs on due process grounds under *Hill* and *Wolff*.  The Government respectfully submits that the facts in this case do not justify the Court doing so here.

## III.    Even If Permissible, Steffey's Document Requests Are Objectionable.

The Motion requests 11 categories of documents.  The Government responds and objects to them as follows:

*       *       *

**REQUEST NO. 1:**  Full and exact copies of any and all documents submitted by the petitioner as part of his administrative appeal of the disciplinary sanction at issue here.

**RESPONSE:**  The parties conferred about this Motion before it was filed, and the Government voluntarily produced all documents in its possession responsive to this Request on July 22.  *See*

---

[1] To the extent the Court believes additional facts are necessary to dispose of either due process challenge, the Government respectfully submits that Steffey should first attempt to elicit such facts by written interrogatories to the declarant, DHO Chetwood, because that type of discovery is less invasive, less costly, and statutorily authorized.  *See* 28 U.S.C. § 2246.

Attachment 1, Administrative Remedy File.  These documents did not include any exonerating or explanatory emails that Steffey references within his administrative appeal.  *See id.* at 3.  In any event, these emails (if they existed) would not be in the "sole possession" of the BOP.  ECF 20, Motion at 1.  Rather, both Steffey and his purported lawyer should have access to them.

**REQUEST NO. 2:**  Access to all physical evidence related to Mr. Steffey's disciplinary violation, including the paper upon which the violation was based and the NIK test used, for inspection and examination by defense counsel and any defense expert.

**RESPONSE:**  The Government objects to this request because access to inspect and examine physical evidence is not necessary to determine whether "some evidence" supports the discipline in this case.  Even if the positive NIK test is discounted by its accuracy rate, other evidence supports the DHO's finding.  *See* ECF 12, Declaration of DHO Chetwood at Exs. B, E, F; *cf. Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (finding "some evidence" standard met where an inmate was 25% likely to have committed the charge).  Moreover, numerous courts have upheld prison discipline based on NIK tests, notwithstanding the less-than-perfect results.  *See* 2 Drug Testing Law Tech. & Prac. § 8:27, *Use and Admissibility of Drug Tests—Prisoners*, March 2019 Update (collecting cases); *cf. Hogevoll v. City of Los Angeles*, No. EDCV 07-00402-SGL-OPX, 2008 WL 11409514, at *2-4 (C.D. Cal. Feb. 25, 2008) (rejecting § 1983 claim that officers lacked probable cause to arrest based on NIK field test results).  As a result, the burden on prison administration is incommensurate with the probative value of the access requested.[2]  Moreover, providing inmates with access to this type of evidence within the disciplinary hearing would be "unduly hazardous to institutional safety or correctional goals."  *Wolff*, 418 U.S. at 566.

---

[2] Steffey's request to inspect physical evidence might not result in additional facts being presented to the Court.

**REQUEST NO. 3:**  Any and all results or reports of chemical analyses of the paper upon which the disciplinary violation was based.

**RESPONSE:**  The Government objects to this request because the information sought is not necessary to determine whether "some evidence" supports the discipline.  Moreover, Steffey has not established a prima facie case that the NIK test produced a false positive.  As a result, the burden on prison administration is incommensurate with the probative value of the documents requested.  The Government further objects because the request is vague, compound, and seeks duplicative information.  Subject to and without waiving its objections, the Government responds that on July 22, it identified the results of chemical analyses that the DHO relied on to discipline Steffey.  *See also* ECF 12, Declaration of DHO Chetwood, Ex. F.

**REQUEST NO. 4:**  All photographs taken during the Bureau of Prisons investigation of Mr. Steffey's alleged violation, to be provided in their native digital format to ensure color accuracy.

**RESPONSE:**  The Government objects to this request because the information sought is not necessary to determine whether "some evidence" supports the discipline.  Moreover, Steffey has not established a prima facie case that the photographs in the record inaccurately show color such that native digital format is appropriate.  Subject to and without waiving its objections, the Government responds that it has produced the photographic evidence the DHO relied on to discipline Steffey.  *See* ECF 12, Declaration of DHO Chetwood, Ex. F at 5-9.

**REQUEST NO. 5:**  Any and all reports, records, and files regarding disciplinary actions against Mark Patrick Johnson, Reg. No. 68603-065, for any violation of Code 111 (introduction of narcotics) or any other prohibited act arising out of the same act, transaction, or series of transactions for which Mr. Steffey was disciplined.

**RESPONSE:**  The Government objects to this request because Steffey has not established a prima facie case of bias, or shown how the requested evidence is necessary to resolve his due process

challenge.  The Government further objects because the request is vague, compound, overbroad, and seeks irrelevant information that is subject to Privacy Act, 5 U.S.C. § 552a.

**REQUEST NO. 6:**  All emails between DHO Chetwood and SIS Aguilar relating to the alleged violation of Code 111 by Mr. Steffey or related acts by Mark Patrick Johnson, Reg. No. 68603-065, and/or the sanction to be imposed for such acts.

**RESPONSE:**  The Government objects to this request because Steffey has not established a prima facie case of bias, or shown how the requested evidence is necessary to resolve his due process challenge.  The Government further objects because the request is vague, compound, overbroad, and seeks irrelevant information that is subject to Privacy Act, 5 U.S.C. § 552a.  Subject to and without waiving its objections, the Government responds that the BOP has no documents responsive to the request for emails between DHO Chetwood and SIS Aguilar relating to Steffey's alleged Code 111 violation.  Thus, notwithstanding Steffey's sworn declaration that Aguilar said he and DHO Chetwood "communicated by email" to agree to lesser discipline, ECF 1, Petition at 7, the BOP has no record of any such email communication.

**REQUEST NO. 7:**  Any and all Bureau of Prisons manuals, training materials, program statements, operations memorandums, or other writings of any sort regarding the agency's acquisition, storage, and use of narcotics identification tests for disciplinary or other purposes.

**RESPONSE:**  The Government objects to this request because the information sought is not necessary to determine whether "some evidence" supports the discipline.  Moreover, Steffey has not established a prima facie case that NIK test is not reliable enough to be some evidence of drugs.  Subject to and without waiving its objections, the Government responds that it has produced the evidence the DHO relied on to discipline Steffey.  *See* ECF 12, Declaration of DHO Chetwood, ¶¶ 8-24 & Exs. B, E, F.

**Page 9           Response to Motion for Discovery**

**REQUEST NO. 8:**   All records establishing the training and certification of the individual who conducted the NIK tests in this case, which appears to be SIS Aguilar, regarding how to use NIK tests, including training specifically as to how to test different types of substances (e.g., powder, liquids, paper), how to interpret test results, and whether confirmatory laboratory testing is required.

**RESPONSE:**   The Government objects to this request because the information sought is not necessary to determine whether "some evidence" supports the discipline.   Moreover, Steffey has not established a prima facie case that NIK test is not reliable enough to be some evidence of drugs.   The Government further objects because the request is vague, compound, overbroad, and seeks irrelevant information.   Subject to and without waiving its objections, the Government responds that it has produced the evidence the DHO relied on to discipline Steffey.   *See* ECF 12, Declaration of DHO Chetwood, ¶¶ 8-24 & Exs. B, E, F.

**REQUEST NO. 9:**   All records identifying the manufacturer of the NIK test used here, its date of purchase, and the manner of storage.

**RESPONSE:**   The Government objects to this request because the information sought is not necessary to determine whether "some evidence" supports the discipline.   Moreover, Steffey has not established a prima facie case that NIK test is not reliable enough to be some evidence of drugs.   The Government further objects because the request seeks information immaterial to the outcome of this case.   Subject to and without waiving its objections, the Government responds that on July 22, it identified to Steffey's counsel the manufacturer of the NIK test used here.

**REQUEST NO. 10:**   Any and all Bureau of Prisons documents establishing the procedure for confirmatory laboratory testing of chemical test results.

**RESPONSE:**   The Government objects to this request because the information sought is not necessary to determine whether "some evidence" supports the discipline.   The Government further objects to this request because it is vague, overbroad, and seeks information immaterial to the outcome of this case.

**REQUEST NO. 11:**  Records establishing the frequency of use of narcotics identification tests at FCI Lompoc, the number of disciplinary violations in which NIK test results were used, specifying the number of such violations that were verified by laboratory testing, the number of known instances of false positive results or erroneous results for NIK Test A or Test U.

**RESPONSE:**  The Government objects to this request because the information sought is not necessary to determine whether "some evidence" supports the discipline.  Moreover, Steffey has not established a prima facie case that NIK test is not reliable enough to be some evidence of drugs.  The Government further objects because the request is overbroad, irrelevant, and seeks information that is subject to Privacy Act, 5 U.S.C. § 552a.

**CONCLUSION**

For the foregoing reasons, the Court should deny the Motion for Discovery.

Dated this 28th day of August, 2019.

Respectfully Submitted,

BILLY J. WILLIAMS
United States Attorney
District of Oregon

*/s/ Jared D. Hager*
JARED D. HAGER
Assistant U.S. Attorney
Attorneys for the Government