**Administrative Remedy No. 934657-A2**
**Part B - Response**


You appeal the February 13, 2018, hearing decision of the Discipline Hearing Officer (DHO) regarding incident report #3084272 in which you were found to have committed the prohibited act of Introduction or Making of any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants, or Related Paraphernalia, Not Prescribed for the Individual by the Medical Staff (Code 111). For relief, you request the incident report be expunged.

Our review of your disciplinary proceedings indicates compliance with Program Statement 5270.09, Inmate Discipline Program. The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. The sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy.

Accordingly, your appeal is denied.



_____8|29|18_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

From: <u>Steffey, Billy F.</u>        <u>68463-097</u>      <u>3-A</u>      <u>Sheridan</u>
          LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.              UNIT              INSTITUTION

**Part A—REASON FOR APPEAL**    I was unfairly found guilty of a 111 shot. I was not allowed to defend myself and the DHO hearing was pre-determined and pre-arranged by SIS Aguilar and the DHO. Another inmate (Johnson) allegedly received some legal mail with contraband. This was his mail, addressed to him and had nothing to do with me. SIS Aguilar opened inmate Johnson's legal mail without him present (in violation of BOP mail policy) and claims he tested the paper and it tested positive for "amphetimines". My first issue is that the NIK kits are defective and when this happens it is ALWAYS a false positive for "amphetimines". Please give me this much. Call here to Sheridan and ask for SIS Lt. Bance. Ask Lt. Bance to test a piece of toilet paper or a paper towel and ask him what it just tested positive for. I assure you it will be a false positive for amphetimines. I suspect regular printer paper would give you the same false positive. My unit counselor Rodriguez will also confirm these false positives to you. That is my big issue. Was there even contraband since SIS relied on a known defective test that gives false positives. I had nothing to do with any contraband. Let's be honest, the ONLY reason I got a shot was because I had the tracking number for inmate Johnson's letter in my email.

<u>5-1-18</u>
        DATE                                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

111
2/13/18

RECEIVED

JUL 0 6 2018

Administrative Remedy Section
Federal Bureau of Prisons

_____                                    _____
        DATE                                                          GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY                          CASE NUMBER: <u>934657-A1</u>

**Part C—RECEIPT**

                                                                          CASE NUMBER: _____

Return to: _____    _____    _____    _____
                LAST NAME, FIRST, MIDDLE INITIAL              REG. NO.              UNIT              INSTITUTION

SUBJECT: _____

_____                                    _____
        DATE                                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                              Previously BP–DIR–11

BP–231(13)
APRIL 1982

CONTINUED...

No where does SIS show where I instructed anyone to mail inmate Johnson any legal mail or contraband. SIS also used snippets of my emails and took them out of context to paint a picture. The girl I email with at the email of inmateresources@protonmail.com helped me with my 2255 as well as to help me file eviction paperwork to have a tenant evicted from one of my rentals. My email reflect this. Inmate Johnson also corresponded with Lisa. I gave him her address and he was trying to get her to help him sue the Portland Police. On 11/26/17 I received an email from Lisa saying, "I see you like to play games. I have a game you are going to love" (see attached emails). This email made no sense because I paid her upfront for her work. I even asked her if she meant to send me that email. I had no clue why she would threaten me. I sent her emails for over a week asking for an explanation and all my emails went unanswered until finally on 12/5/17 I received a response and it said, "I reached out 70171450000084946239". As you can see my the email conversations I attached, I assumed she was sending me copies of the eviction notice and the court filing as she always did. She never responded why she sent me that threatening email and I let it go. Evidently this tracking number she sent me was for inmate Johnson's letter. At the time I didn't know that. This tracking number is why SIS thought I was involved. I don't know if she sent me that email by mistake or if she was making good on a threat she had made 10 days earlier. I had nothing to do with his mail or any contraband. I can't control what she sent in my email or in the mail. I had legitimate business she did for me and you can even verify that on 2 occassions Lisa had local Lompoc attorney come see so I could sign the documents she needed to file to evict my renter. You can see in SENTRY 2 attorney visits from a guy named Robert Traylor. Once I was in the SHU, SIS advised me that the FBI was going to be involved for possible prosecution. Finally after months of being in the SHU, SIS Aguilar came and told me that only I and not inmate Johnson was going to get a shot. This was based on the fact that I had the tracking number in my email. So I got a shot for someone else's mess and the person that was receiving the mail didn't even get a shot! SIS Aguilar told me that if I, "took the shot on the chin" and didn't fight it he would assure me that I would get shipped fast and not remain in the SHU and he promised me that he would be sure that I received the lightest sanctions. He also said that if I fought it, he would make sure I sat in the SHU for another 180 days and that I would get max sanctions and possibly prosecuted if he had to send out the letter to a lab. He told me that the DHO, "was onboard". I chose to lay down and not fight. As you can see by my sanctions, the DHO was definitely "onboard". For a 111, I received the mandatory 41 days loss of GCT and 180 days of loss of commissary. I didn't lose my phone, I didn't lose my email, I didn't lose my visits, I didn't have to serve DS time and I didn't get a fine. That is unheard of and it proves that my DHO hearing was not fair and impartial and that it was pre-arranged and pre-determined and my guilt was already established. I ask that due to the defective NIK test, due to the fact I had no involvement and do to the fact that my guilt and my hearing were pre-arranged, that my shot me expunged and my 41 GCT be restored and all sanctions be removed from me. I also hope that you will make the call or send an email to Lt. Bance or counselor Rodriguez here at Sheridan and verify, not take my word that the NIK tests are defective as I said and I am not just throwing out allegations.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen.  If attachments are needed, submit four copies.  One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: _STEFFEY, BILLY F_ _68463097_ _SHU_ _LOMPOC_
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL**

I want to append my shot for 111. The emails they used in reference to a more (recent). The tracking number in my email I thought was part of... of an eviction notice. Besides the underlined email there is no proof of my involvement. Also legal mail was opened without inmate present, in violation of policy.

_3-5-18_
DATE

_[signature]_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _934657-R_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
USP LVN    DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL          BP–230(13)
APRIL 1982

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: _STEFFEY, BILLY F_ _68463097_ _SHU_ _LOMPOC_
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

I want to appeal my shot for 111. The emails they used were in reference to a home I own. The tracking number I received in my email, I thought was for copies of an eviction notice. Besides the unsolicited email, there is no proof of my involvement. Also, legal mail was opened w/out inmate present, in violation of policy.

_3-5-18_
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

MAR 1 9 2018

WESTERN REGIONAL OFFICE

_____    _____
DATE                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _934657-R₁_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____   _____   _____   _____
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____        _____    _____
USP LVN    DATE      Previous editions not usable      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP–230(13)
APRIL 1982

934657-R1
FCI Sheridan

You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on February 13, 2018, in which you were found to have committed the prohibited act of Introduction of Drugs, Code 111, while confined at FCI Lompoc. You make various claims which are addressed below. Although you do not specify a relief, it would appear you seek to have the incident report expunged from your discipline record.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have staff representation and to call witnesses. You waived these rights. You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf. Your statement is reflected in the DHO Report and there is no indication in the record that you presented documentary evidence.

The DHO report clearly indicates the basis for the finding that you committed the prohibited act and explains the purpose of imposing the sanctions which are within policy.

You claim the emails used during the investigation to support the reporting officer's conclusion were misinterpreted and other than the email, no evidence exists showing your involvement in the introduction of drugs. Bureau of Prisons Inmate Discipline policy and Federal Regulations directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. It is apparent the DHO found you guilty based on a greater weight of evidence. Evidence weighed against you included the SIS Investigative Report, staff memorandums, TRULINCS messages and photographic evidence contained in the discipline packet. Such evidence supports the fact that on the said date and time, you were responsible for the introduction of drugs into the facility via the U.S. Postal Service. This evidence, coupled by your decision not to present credible and verifiable evidence which may have exonerated you from the charge, reasonably led the DHO to a guilty finding.

Insofar as you claim staff should not have opened correspondence marked as legal mail, staff have an obligation to investigate misconduct when they reasonably believe that a violation of Bureau regulations has been committed. That was done in your case.

The allegations presented in your request for relief have been investigated and determined to be without merit. Thus, your request for relief from the discipline action or sanctions is denied.

If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

5/3/18
_____
Date

_____
Mary M. Mitchell, Regional Director