**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **BILLY F. STEFFEY**, | Case No. 3:19-cv-93-JR |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| **WARDEN, FCI LOMPOC**,[1] | |
| Respondent. | |

**Michael H. Simon, District Judge.**

On May 18, 2020, the Court adopted the Findings and Recommendation of United States Magistrate Judge Jolie A. Russo and entered Judgment denying Petitioner's Petition for Writ of Habeas Corpus. *See* ECF 39, 40. On January 26, 2026, Petitioner filed a Motion for Relief from Judgment, and on January 30, 2026, filed an Amended Motion for Relief from Judgment. *See* ECF 43, 45. Petitioner seeks relief from Judgment under Rule 60 of the Federal Rules of Civil Procedure, and requests that the Court reopen his habeas proceeding under 28 U.S.C. § 2241.

---

[1] The Court replaces Warden Salazar, who no longer serves as the Warden of FCI Lompoc and has passed away since the filing of Petitioner's original habeas case, with a generic reference to the warden, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

PAGE 1 – ORDER

Petitioner confirmed through email to the Court that he has been released from custody after serving his sentence and also is no longer on supervised release. Thus, he is no longer in the custody of the United States. Habeas relief challenges unlawful detention and requires that the prisoner be "in custody" to request relief. *See* 28 U.S.C. § 2241(c)(1). If a prisoner is released from custody, that generally causes the petition to become moot because it no longer presents "an actual injury traceable to the defendant" that can be "redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

A prisoner's release may not moot a habeas petition when the release is temporary or where a petitioner faces redetention under similar unlawful circumstances. *See Nshimiyimana v. Marin*, 2026 WL 734332, at *2 (C.D. Cal. Mar. 16, 2026) (gathering cases). Release also may not cause a habeas case to become moot if the petitioner remains on supervised release. *See Green v. Woodring*, 694 F. Supp. 2d 1115, 1121 (C.D. Cal. 2010) (gathering cases). Further, release does not cause a habeas case to become moot if the petition challenges the validity of the criminal conviction, because that conviction has collateral consequences even after release. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). None of those exceptions appear to apply in this case.

The Court orders Petitioner to SHOW CAUSE IN WRITING by May 15, 2026, why the Court should not deny Petitioner's Amended Motion for Relief from Judgment because it seeks relief that the Court cannot provide given that Petitioner is not in the custody of the United States.

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER