Billy F. Steffey, Pro Se
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com
Petitioner In Propria Persona

FILED 27 APR '26 11:13 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

BILLY F. STEFFEY,
    Petitioner,

v.

WARDEN, FCI LOMPOC,
    Respondent.

**Case No. 3:19-cv-00093-JR**

**PETITIONER'S RESPONSE TO
APRIL 22, 2026 ORDER TO
SHOW CAUSE**

*[Rule 60(b); Rule 60(d)(3)]*

## PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE

Petitioner respectfully responds to the Court's April 22, 2026 Order to Show

Cause (ECF 49). For the reasons set forth below, this case is not moot, and the

Court has authority to adjudicate the pending Amended Rule 60 Motion. Petitioner

concurrently files the Declaration of Billy F. Steffey and supporting exhibits.

This Response establishes four grounds on which the Court should discharge

the OSC and proceed to the merits: (1) jurisdiction attached at filing, when

Petitioner was indisputably in custody, and is preserved under Carafas v. LaVallee;

(2) Petitioner suffers concrete, present, and ongoing collateral consequences from

the challenged disciplinary finding — including termination from a senior position

at Verizon and use of the finding as trial evidence against him in an active

Sacramento family-court custody proceeding with a pre-trial settlement conference set for April 30, 2026 and a custody trial set for June 23, 2026; (3) Petitioner's motion is brought in part under Rule 60(d)(3) for fraud on the court, which reinforces that the relief sought is vacatur of a judgment with continuing collateral consequences, not present release from custody; and (4) the evidence presented — internal BOP documents not previously produced in any reported § 2241 proceeding — raises a public-integrity dimension that Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), recognizes as a freestanding basis for the Court's equitable power to act.

## I. JURISDICTION ATTACHED WHEN THE PETITION WAS FILED AND IS PRESERVED UNDER CARAFAS

Petitioner filed his 28 U.S.C. § 2241 petition on January 18, 2019, while confined at FCI Sheridan, following his transfer from FCI Lompoc. The Court's jurisdiction attached at that time. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application"); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Release therefore raises a mootness question under Article III, not a jurisdictional defect in the statutory sense. The question is whether Petitioner continues to have a personal stake in the outcome sufficient to satisfy the case-or-controversy requirement. He does.

## II. PETITIONER SUFFERS CONCRETE, PRESENT, AND ONGOING COLLATERAL CONSEQUENCES FROM THE CHALLENGED DISCIPLINARY FINDING

Petitioner acknowledges that prison disciplinary findings do not receive a presumption of collateral consequences. *See Wilson v. Terhune*, 319 F.3d 477, 481–82 (9th Cir. 2003). Petitioner is not relying on a presumption. He submits evidence of actual, post-release use of the challenged "introducing drugs into the institution" finding to cause present injury in two live settings: (A) employment termination, and (B) an active family-court custody proceeding with a pre-trial settlement conference set for April 30, 2026 and a custody trial set for June 23, 2026.

This case is materially different from *Wilson*, *Spencer*, and *Valdez v. Benov*, No. 13-16736 (9th Cir. Nov. 3, 2017), where the petitioners relied on speculative future harm — the possibility that a prison record might someday affect future punishment or prison treatment. *See Spencer*, 523 U.S. at 13–16; *Wilson*, 319 F.3d at 481–82. Petitioner's injuries are not hypothetical or speculative. They are occurring now, in the ordinary affairs of his life, and are documented in court records attached as exhibits.

### A. Termination from Verizon after HR received material referring to the challenged disciplinary finding

As set forth in the accompanying Declaration of Billy F. Steffey, Petitioner was employed in a senior role at Verizon at an annual compensation of approximately $175,000. Petitioner passed Verizon's initial background process and commenced employment. Thereafter, a Verizon coworker named Inna Polupan — who, in separate Placer County Superior Court litigation captioned Polupan v. Steffey, Case No. S-DR-0062945, is the restrained party under a five-year restraining order entered in favor of Petitioner as the protected party — provided internet-sourced material to Verizon's Human Resources department stating that Petitioner had introduced drugs into a correctional institution, the identical factual assertion that the challenged disciplinary finding underlies. Verizon then opened an internal investigation and terminated Petitioner's employment. During a telephone conversation at the time of termination, Verizon HR personnel stated that the material provided to them during the open investigation was the reason for the decision. (Steffey Decl. ¶¶ 2–7.)

This termination is not a speculative future consequence. It occurred. It resulted in a loss of approximately $175,000 in annual compensation. And it arose directly from the third-party circulation of material describing the challenged disciplinary finding. The same factual assertion also appears in Turner's

background-investigation exhibit described below — a Sacramento-filed document containing the "smuggling drugs into the prison" characterization, with a direct citation to the Reason magazine investigation into the very NIK field-testing practices that are the subject of Petitioner's Rule 60 Motion.

**B. Active Sacramento family-court custody proceeding, with pre-trial settlement conference April 30, 2026 and custody trial June 23, 2026, in which the disciplinary finding is being offered as substantive evidence against Petitioner**

Petitioner's strongest evidence of ongoing collateral consequences is the present use of the challenged disciplinary finding in an active Sacramento family-court proceeding. In Sacramento Superior Court Case No. 22FL01590 (*DeLotty v. Turner*, Hon. Weng-Gutierrez, Dept. 125), Respondent Lee Turner — the father of Petitioner's girlfriend's two minor children — has filed sworn declarations, under penalty of perjury and through counsel of record (Jennifer B. Holdener, Esq., SBN 263719, Holdener Law Group), stating as an affirmative fact that Petitioner "smuggl[ed] drugs into the prison," and has relied on that assertion to seek relief designed to sever Petitioner's relationship with the children, including a no-contact order barring Petitioner from any direct or indirect contact with the children at school, extracurricular activities, or elsewhere, and sole physical custody to Mr. Turner. (Steffey Decl. ¶¶ 8–12; Exs. 1–2.)

This is not speculative future harm. It is present, case-specific, and being litigated now. Petitioner has been a consistent presence in the children's lives for approximately two years. The challenged disciplinary finding is being used as a central factual basis for efforts to restrict Petitioner's contact with the children. The matter is set for a pre-trial settlement conference on April 30, 2026 and for a custody trial on June 23, 2026, at which Mr. Turner's claims regarding Petitioner, including the "smuggling drugs" characterization, are among those scheduled to be tried. (Steffey Decl. ¶ 12.)

Specifically, in his Declaration in Support of Relief Requested filed May 7, 2025 (Ex. 1 hereto, ¶ 6), Mr. Turner swore:

> "Mr. Steffey is a convicted felon who served nine years in prison for identity theft and racketeering, one of the largest cases of its kind in U.S. history. During his time in prison he spent five months in solitary confinement for smuggling drugs into the prison. . . . Please see pertinent pages of Mr. Steffey's Background Investigation Report attached as Exhibit A."

Mr. Turner's Declaration was accompanied by, and expressly incorporated, a Background Investigation Report prepared by Barry W. Roper (P.I. License No. 25076) of I.S.E. Investigative Services (Ex. 2 hereto). That report lists Petitioner's Oregon habeas case (3:19-cv-00093-JR) under "United States Courts of Appeals for the Ninth Circuit," and, under "Internet Searches of Subject," cites by URL the very Reason magazine investigative report that documents the NIK field-testing practices at the core of Petitioner's Rule 60 Motion — "Smuggling Drugs Article:

https://reason.com/2021/06/13/the-2-drug-test-keeping-inmates-in-solitary/." (Ex. 2 at 8.) That article opens with Petitioner's name.

The relief Mr. Turner has requested on the basis of these assertions is substantive and severe: sole physical custody of the two minor children; a no-contact order barring Petitioner from any direct or indirect contact with the children; removal of the children from their mother's care; and sanctions. (See Ex. 1, FL-300 at 1, 4; Steffey Decl. ¶ 12.) These are not abstract consequences; they are concrete demands for court orders against Petitioner, supported by a sworn filing that depends on the challenged disciplinary finding for its factual foundation.

A favorable ruling by this Court on the Rule 60 Motion would provide legal and factual relief of practical significance in the pending Sacramento proceeding. Vacatur of the judgment that left the disciplinary finding undisturbed would establish a federal record that the finding was procured through the institutional practice described in Petitioner's motion papers. That redressability is sufficient under *Spencer*, 523 U.S. at 7. *See also Calderon v. Moore*, 518 U.S. 149, 150 (1996) (case is not moot where any effective relief is available).

Under *Spencer*, a case remains live where the petitioner continues to suffer "collateral consequences" that are "concrete" and "capable of being redressed by a favorable judicial decision." 523 U.S. at 7. The Verizon termination is concrete. The Sacramento custody trial, set to begin on June 23, 2026, with a pre-trial

settlement conference on April 30, 2026, is concrete. Both are presently causing ongoing injury to Petitioner. Both are directly traceable to the challenged disciplinary finding and the Oregon judgment that left it undisturbed. Both are redressable, in whole or in part, by Rule 60 relief.

## III. THE RULE 60(d)(3) FRAUD-ON-THE-COURT POSTURE ANCHORS THE RELIEF SOUGHT IN VACATUR, NOT RELEASE

Petitioner's Amended Motion for Relief from Judgment is brought under both Rule 60(b) and Rule 60(d)(3). (ECF 45.) Rule 60(d)(3) expressly preserves the Court's authority to "set aside a judgment for fraud on the court." That authority is rooted in the court's power to protect the integrity of its own proceedings.

In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), the Supreme Court held that a federal court retains "historic power of equity to set aside fraudulently begotten judgments" — a power justified by "the public policy of maintaining the integrity of judgments." *Id.* at 244–45. The Ninth Circuit has confirmed that fraud on the court is an independent and extraordinary ground for relief. *See United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011); *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352–54 (6th Cir. 1993) (persuasive authority).

The relief Petitioner seeks under Rule 60(d)(3) is vacatur of the fraudulently procured judgment — not present release from custody. Vacatur is relief this Court can provide regardless of whether Petitioner is currently in custody, and it has independent legal force beyond the habeas remedy. A vacated judgment is a vacated judgment. Its collateral effects — including its continuing use against Petitioner in the Verizon employment context and the Sacramento custody proceeding — would be materially altered by vacatur. That is sufficient to preserve a live controversy. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (case is not moot where any effective relief is available).

Petitioner has submitted, in support of his Amended Motion, internal BOP documents that were withheld from him and from this Court during the original § 2241 proceeding — including the January 18, 2017 SIS Advisory directing staff nationwide to treat a burgundy NIK Test U result as a positive for amphetamines, and the "One Team" coordination emails from Regional SIS Coordinator Robert J. Lynn directing ex parte coordination between investigators and disciplinary hearing officers. These documents directly contradict representations made to this Court during the underlying proceeding. They are material. They were concealed. And their concealment, coupled with the government's affirmative representation that the NIK test constituted "some evidence" under *Superintendent v. Hill*, 472 U.S. 445 (1985), satisfies the Rule 60(d)(3) standard.

Petitioner respectfully submits that the materiality of the concealed evidence is at its highest here because of the elemental nature of the charge. The disciplinary violation sustained against Petitioner was Prohibited Act Code 111, which proscribes the "Introduction or making of any narcotics, marijuana, drugs or related paraphernalia not prescribed for the individual by medical staff." 28 C.F.R. § 541.3, Table 1. The elemental predicate of a Code 111 finding is the actual introduction of a controlled substance. The "some evidence" standard of *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985), asks whether there is any evidence supporting the disciplinary decision as rendered. Where the decision is a Code 111 violation, the evidence must bear on whether narcotics were introduced.

The F&R reflects this distinction. It relied on multiple sources of evidence to identify Petitioner as associated with the incoming package — communications with the sender, the package's tracking number, staff memoranda, and Petitioner's own statements. (F&R at 9–10.) But on the distinct question whether the package actually contained a controlled substance, a single source of evidence was before the Court: the NIK Test U result and the representation that a burgundy color on Test U indicates amphetamines. (F&R at 2, 10.) The January 18, 2017 SIS Advisory submitted with the Amended Motion, if credited, establishes that burgundy is the manufacturer's baseline no-result color and was treated as a positive by institutional directive. Petitioner does not ask the Court to resolve that

question in this Response. He asks only that the Court recognize that the concealed evidence bears not on a collateral issue but on the single elemental question on which the charge rests. Under *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), the inmate must have advance notice of the charges against him and an opportunity to marshal his defense. A disciplinary finding cannot be sustained on a theory that some other uncharged conduct occurred.

As to the impartiality of the hearing, the F&R concluded that Petitioner's claim of prearranged coordination between the investigator and the disciplinary hearing officer was "not persuasive" in part because it rested on Petitioner's own account without extrinsic corroboration. (F&R at 7–8.) The "One Team" coordination emails from Regional SIS Coordinator Robert J. Lynn, submitted with the Amended Motion, are extrinsic documentary evidence bearing on the very coordination Petitioner's original petition alleged. They are not offered here for the Court to re-weigh credibility; they are documentary materials that were not before the Court when it made its prior credibility assessments under *Wolff*'s impartial-tribunal requirement and *In re Murchison*, 349 U.S. 133, 136 (1955). Whether they alter the outcome is a merits question this Court can and should reach.

Whether the Court ultimately grants that relief is a merits question. But it is a question the Court can reach — and should reach — notwithstanding Petitioner's post-release status.

## IV. THE PUBLIC-INTEGRITY DIMENSION OF THE FRAUD SUPPORTS ADJUDICATION ON THE MERITS

Petitioner further respectfully submits that the gravity of the fraud alleged extends beyond the circumstances of this single case. The SIS Advisory and the "One Team" emails attached to Petitioner's Amended Motion are not documents unique to FCI Lompoc. The SIS Advisory was a nationwide directive. It instructed BOP staff across the federal system to treat a burgundy NIK Test U result — the manufacturer's baseline no-result color — as a positive indicator for controlled substances.

Reported § 2241 decisions across multiple federal districts reflect the institutional application of the SIS Advisory. In those cases, BOP staff and the United States have repeatedly represented to federal courts that NIK Test U turned burgundy and have described that result as positive for amphetamines, and federal courts have then relied on those representations under the some-evidence standard of *Hill* to deny relief. On Petitioner's information and belief, no prior § 2241 petitioner in any federal district has previously obtained or presented to any federal court the internal BOP documents that Petitioner has attached to his Amended Motion.

This Court's resolution of the Rule 60 Motion is therefore not only about Petitioner. It is about whether a nationwide institutional practice that appears to

have produced multiple wrongful disciplinary convictions, on the strength of representations that Petitioner's documents demonstrate to be false, will receive any federal judicial examination at all. *Hazel-Atlas* teaches that the public interest in the integrity of judgments is itself a proper consideration in the Court's exercise of its equitable power. 322 U.S. at 246.

## V. ALTERNATIVE REQUEST: ANY MOOTNESS DISPOSITION SHOULD NOT REACH THE MERITS OF THE NEWLY PRODUCED EVIDENCE

If, notwithstanding the foregoing, the Court concludes that it cannot reach the merits of the Amended Motion, Petitioner respectfully requests that any mootness disposition (1) be expressly limited to the present unavailability of habeas relief after release, (2) not reach or adjudicate the merits of the newly submitted fraud and concealment evidence, and (3) not prejudice Petitioner's reliance on that evidence in other proceedings arising from the same disciplinary conviction, including the pending action to be filed in the Central District of California under the Federal Tort Claims Act. This request is not framed as an invitation to moot the case; it is a protective request to ensure that a mootness ruling, if entered, does not inadvertently adjudicate evidence that the Court has declined to reach.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court discharge the April 22, 2026 Order to Show Cause and proceed to the merits of the Amended Motion for Relief from Judgment.

Dated: __*April 23,*_____, 2026

Respectfully submitted,

_____
Billy F. Steffey
Petitioner, Pro Se
455 Capitol Mall, Suite 802
Sacramento, CA 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com

PRESS FIRMLY TO SEAL



SUSTAINABLE
FORESTRY
INITIATIVE
Certified Sourcing
www.sfiprogram.org
SFI-00061

PAPER
POUCH

how2recycle.info

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



# UNITED STATES POSTAL SERVICE®

# PRIORITY MAIL®

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS00001000014

EP14F November 2025
OD: 12 1/2 x 9 1/2



UNITED STATES POSTAL SERVICE®    Click-N-Ship®

usps.com    9405 5301 0935 5304 0618 10 0103 0001 0009 7204
$10.30
US POSTAGE

**P**

U.S. POSTAGE PAID
Click-N-Ship



04/22/2026
1 lb 0 oz    Mailed from 95814  087824393202666

## PRIORITY MAIL®

BILLY STEFFEY
STE 802
455 CAPITOL MALL
SACRAMENTO CA 95814-4433

Created 2026-04-22
Flat Rate Envelope
RDC 03

C002



US DISTRICT COURT OF PORTLAND
CLERK OF THE COURT
1000 SW 3RD AVE
PORTLAND OR 97204-2930

### USPS TRACKING #



9405 5301 0935 5304 0618 10



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; November 2025. All rights reserved.

SKNA