Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

FILED 11 MAY '26 11:30 USDC-ORP

| | |
|---|---|
| **BILLY F. STEFFEY,** | Case No. 3:19-cv-00093-JR |
| Petitioner, | |
| | **[PROPOSED] ORDER GRANTING** |
| v. | **PETITIONER'S MOTION TO ALTER** |
| | **OR AMEND JUDGMENT UNDER** |
| **WARDEN, FCI LOMPOC,** | **FED. R. CIV. P. 59(e)** |
| Respondent. | |
| | The Honorable Michael H. Simon |

This matter comes before the Court on Petitioner Billy F. Steffey's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e), or in the Alternative for Clarification of Footnote 3 (the "Motion"). Having considered the Motion, the supporting Declaration, the record in this case, and the applicable law, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Motion under Rule 59(e) is **GRANTED.**

2. This Court's Order entered May 6, 2026 (ECF 53) is hereby **ALTERED AND AMENDED.**

3. The Court **FINDS** that Petitioner has demonstrated concrete collateral consequences sufficient to satisfy Article III, including realized employment harm and ongoing financial harm in active family-court proceedings, consistent with *Sibron v. New York*, 392 U.S. 40 (1968), *Spencer v. Kemna*, 523 U.S. 1 (1998), and *Robbins v. Christianson*, 904 F.2d 492 (9th Cir. 1990).

4. The Court will **REACH THE MERITS** of Petitioner's Amended Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(d)(3) (ECF 45).

5. An **EVIDENTIARY HEARING** is **SET** for _____, 2026, at _____ a.m./p.m., on the issues raised by Petitioner's Rule 60(d)(3) Motion, including (a) the chemistry of NIK Test U; (b) the January 18, 2017 BOP Central Office SIS Advisory; (c) Safariland's federal-court representations regarding NIK Test U colors; and (d) the alleged concealment of those materials from the original 2019–2020 habeas proceedings. *See*

Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575 (1946).

6. Footnote 3 of the May 6, 2026 Order is hereby **CLARIFIED** to state that the Court has not adjudicated the truth, reliability, admissibility, or preclusive effect of the NIK Test U result, and that the May 6, 2026 Order does not impair Petitioner's preserved civil action in the United States District Court for the Central District of California, *Steffey v. Peters*, No. 2:25-cv-11105-VBF-SK.

7. Respondent shall file a response to Petitioner's Amended Motion for Relief from Judgment (ECF 45) within _____ days of the date of this Order.

### IN THE ALTERNATIVE

In the alternative, and at minimum, the Court **CLARIFIES** that footnote 3 of the May 6, 2026 Order does not constitute a merits adjudication of the NIK Test U evidence and has no preclusive effect on Petitioner's preserved civil action in the United States District Court for the Central District of California, *Steffey v. Peters*, No. 2:25-cv-11105-VBF-SK. *See Bobby v. Bies*, 556 U.S. 825, 834–35 (2009).

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
**HONORABLE MICHAEL H. SIMON**
United States District Judge