Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR

**Billy F. Steffey, Self-Represented Petitioner**
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BILLY F. STEFFEY,** | Case No. 3:19-cv-00093-JR |
| Petitioner, | |
| | **DECLARATION OF BILLY F.** |
| v. | **STEFFEY IN SUPPORT OF** |
| | **PETITIONER'S MOTION TO ALTER** |
| **WARDEN, FCI LOMPOC,** | **OR AMEND JUDGMENT UNDER** |
| Respondent. | **FED. R. CIV. P. 59(e)** |
| | |
| | The Honorable Michael H. Simon |

I, Billy F. Steffey, declare as follows:

1. I am the Petitioner in this action. I am over the age of eighteen and competent to testify to the matters stated in this Declaration. I make this Declaration based on personal knowledge.

2. I am self-represented. I file this Declaration in support of my Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e), or in the Alternative for Clarification of Footnote 3, filed concurrently herewith.

3. **Custodial history.** I am a former federal prisoner. I was in the custody of the Federal Bureau of Prisons ("BOP") until on or about January 23, 2020, when I was released to a residential reentry center. I commenced supervised release on or about July 2020. I am no longer in BOP custody and have not been since 2020.

4. **Underlying disciplinary finding.** While confined at FCI Lompoc in 2017–2018, I was the subject of disciplinary proceedings that resulted in a finding under BOP Prohibited Act Code 111—"Introduction or making of any narcotics, marijuana, drugs, alcohol, intoxicants, or

Declaration of Billy F. Steffey — Page 1 of 4

related paraphernalia." See 28 C.F.R. § 541.3, Table 1. The disciplinary finding rested on a NIK Test U result. The result was burgundy.

5. **Employment harm.** After my release from BOP custody, I obtained employment with Verizon Communications in a senior commission-based position. My first-year base compensation was approximately $175,000.

6. Verizon's Human Resources function received material reciting that I had introduced drugs into a federal correctional institution. That material was derived from the BOP disciplinary finding referenced in paragraph 4 above and the related habeas judgment in this case. Verizon thereafter terminated my employment. The termination occurred as a direct consequence of the BOP disciplinary finding and this Court's 2020 habeas judgment.

7. **Family-court harm.** I am presently a party to a family-court matter in the Superior Court of California, County of Sacramento, captioned *DeLotty v. Turner*, Case No. 22FL01590, before the Honorable Weng-Gutierrez, Department 125. The matter concerns child-related issues. A merits trial is currently scheduled for late June 2026.

8. In that family-court matter, the BOP disciplinary finding identified in paragraph 4 above and the related habeas judgment in this case have been invoked in connection with child-safety allegations. As a direct consequence, I have incurred attorney's fees and costs that I would not otherwise have incurred.

9. **$10,000 Trigger Law retainer.** On or about late April 2026, I retained Michelle E. Trigger, Esq., California State Bar No. 288008, of Trigger Law Office in Sacramento, California, to represent my interests in the family-court matter described in paragraphs 6 and 7 above. I paid Ms. Trigger a flat-rate retainer in the amount of $10,000.00. I retained Ms. Trigger because the BOP Code 111 disciplinary finding and this Court's habeas judgment had been invoked in the family-court proceedings.

10. Other than the BOP Code 111 disciplinary finding challenged in this matter, I have no drug-related criminal conviction or adjudication of any kind. My only prior federal conviction is approximately fifteen years old and is fraud-related, not drug-related.

11. **NIK Test U evidence.** I have personal knowledge of the following facts concerning NIK Test U:

12. (a) Safariland, LLC manufactures the NIK Test U presumptive field-testing reagent.

13. (b) In Petitioner's related civil action in the United States District Court for the Central District of California, *Steffey v. Peters*, No. 2:25-cv-11105-VBF-SK, counsel for Safariland filed a Memorandum in Support of Motion to Dismiss (Doc. 23-2) representing that Safariland's product insert and color chart show that *only blue* indicates a positive result for NIK Test U, and that any other color requires additional testing.

14. (c) The NIK Test U result in my disciplinary proceeding was burgundy. The result was not blue.

15. (d) I have obtained and reviewed a BOP Central Office "SIS Advisory" dated January 18, 2017. The Advisory was issued from BOP Headquarters' Intelligence Section, 320 First Street NW, Room 543, Washington, D.C. 20534, and is signed by Brad Trate (Administrative Correctional Services Branch), M. Wade Jensen, and Kevin Schwinn (Chief, Intelligence Section). The Advisory is marked "Law Enforcement Sensitive" and was not disclosed to me, my prior habeas counsel, or this Court at any time during the original 2019–2020 habeas proceedings.

16. (e) The January 18, 2017 SIS Advisory states that Safariland informed BOP Central Office of an update concerning Buprenorphine HCL testing. In the A-U-K sequence described in the Advisory, the Advisory states that "NIK Test U — Methamphetamine Reagent" results are "BURGANDY." [sic]

17. (f) I did not learn of the existence or content of the January 18, 2017 SIS Advisory until after my release from BOP custody.

18. **Conferral attempts.** On May 7, 2026, prior to mailing the concurrently filed Motion, I contacted the United States Attorney's Office for the District of Oregon by telephone and inquired who, if anyone, was currently assigned as counsel for Respondent in this closed post-judgment habeas matter. I was unable to identify currently assigned counsel.

19. As of the date of this Declaration, no counsel for Respondent has entered any appearance on the docket of this case in connection with my January 26, 2026 Motion for Relief from Judgment (ECF 43); my January 30, 2026 Amended Motion for Relief from Judgment (ECF 45); the Court's April 22, 2026 Order to Show Cause (ECF 49); my April 27, 2026 Response (ECF 51); or this Court's May 6, 2026 Order (ECF 53). The most recent appearance by counsel for Respondent on the underlying docket was at ECF 38 on May 7, 2020.

20. **Service.** I am causing the concurrently filed Motion, this Declaration, and a Proposed Order to be served by United States Mail, postage prepaid, with delivery tracking, on (a) the Clerk of the United States District Court for the District of Oregon, 1000 SW Third Avenue, Portland,

Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR

Oregon 97204, and (b) the Civil Division, United States Attorney's Office for the District of Oregon, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204-2902.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed on May 7, 2026, at Sacramento, California.**

**BILLY F. STEFFEY**
Petitioner, Self-Represented