*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

FILED13 MAY '26 10:30USDC-ORP

Billy F. Steffey, Self-Represented Petitioner
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BILLY F. STEFFEY,<br>    Petitioner,<br><br>   v.<br><br>WARDEN, FCI LOMPOC,<br>    Respondent. | Case No. 3:19-cv-00093-JR<br><br>**PETITIONER'S NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF PENDING RULE 59(e) MOTION AND REQUEST THAT THE COURT CONSIDER SUPPLEMENTAL EVIDENCE BEFORE RULING**<br><br>The Honorable Michael H. Simon |

## I. INTRODUCTION

Petitioner respectfully submits this Notice of Supplemental Evidence in support of his pending Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e) (the *"Rule 59(e) Motion"*). The Rule 59(e) Motion was timely mailed and received by the Clerk within the 28-day period following the Court's May 6, 2026 denial order (ECF 53). This supplemental filing is also being submitted within the Rule 59(e) period and *before* the Court has ruled on the pending Rule 59(e) Motion. Petitioner respectfully requests that the Court consider the attached supplemental evidence before ruling.

The supplemental evidence consists principally of the Declaration of Eric Forsyth (Exhibit 1), a former federal inmate who knew Petitioner at the Federal Correctional Institution at Sheridan, Oregon (*"FCI Sheridan"*) during their overlapping incarceration, who had previously been assigned to the same cell as Petitioner, and who remained in regular contact with Petitioner within the institution in 2019, who personally witnessed Bureau of Prisons Special Investigative Services (*"SIS"*) staff threaten Petitioner with the Special Housing Unit (*"SHU"*) regarding internal BOP emails Petitioner had obtained, and who personally heard SIS Lieutenant Carter acknowledge in substance that the burgundy NIK Test U interpretation was a *"false reading"* used by BOP staff to

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

discipline inmates. This evidence directly supports the Rule 59(e) grounds already presented: manifest error of fact regarding mootness, fraud on the court under Federal Rule of Civil Procedure 60(d)(3), and prevention of manifest injustice. Petitioner also submits two contemporaneous documentary exhibits authenticated by his concurrently filed declaration: the November 26, 2019 letter to Magistrate Judge Russo (Exhibit 3) and the December 18, 2019 letter to United States Senator Lindsey Graham (Exhibit 4).

## II. BACKGROUND

On January 26, 2026, Petitioner filed his Motion for Relief from Judgment under Rule 60 (ECF 43), and on January 30, 2026, his Amended Motion for Relief from Judgment (ECF 45), invoking Rule 60(b)(3), (b)(6), and (d)(3) on the basis of fraud on the Court. On April 22, 2026, this Court issued an Order to Show Cause (ECF 49). Petitioner filed his Response on April 27, 2026 (ECF 51). On May 6, 2026, this Court denied the Amended Motion (ECF 53), holding that Petitioner's release rendered his Petition moot under *Spencer v. Kemna*, 523 U.S. 1 (1998). Petitioner timely mailed his Rule 59(e) Motion within the 28-day period prescribed by Rule 59(e).

On May 10, 2026, Petitioner confirmed the willingness of declarant Eric Forsyth to provide a sworn declaration under 28 U.S.C. § 1746 corroborating the factual core of Petitioner's fraud-on-the-court showing. Mr. Forsyth executed his declaration that same day. Petitioner submits the Forsyth Declaration and the related authenticating exhibits now, within the Rule 59(e) period, so that the Court may consider this material before ruling.

## III. THE SUPPLEMENTAL EVIDENCE

### A. The Forsyth Declaration (Exhibit 1).

Mr. Forsyth is a former federal inmate (BOP Register No. 76501-065) who was confined at FCI Sheridan from approximately May 2015 through approximately late 2023. He is no longer in BOP custody and is not on probation or supervised release. Mr. Forsyth and Petitioner were fellow inmates at FCI Sheridan during their overlapping incarceration at that institution. He was known to other inmates and to Petitioner as *"Frankie."* His declaration establishes the following:

- In or around late October 2019, near Halloween, Mr. Forsyth personally accompanied Petitioner to the office of SIS Lieutenant Carter at FCI Sheridan. Lt. Carter was, in Mr. Forsyth's observation, visibly confrontational with Petitioner regarding internal BOP emails Petitioner had obtained. Mr. Forsyth personally heard Lt. Carter communicate to Petitioner, in substance, that if Petitioner did not turn the emails over and disclose how he had obtained them, Petitioner would be placed in the SHU. Forsyth Decl. ¶¶ 5–7.

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

• In or around late November 2019, near Thanksgiving, Mr. Forsyth again accompanied Petitioner to Lt. Carter's office. During that second meeting, Mr. Forsyth personally heard Lt. Carter state, in substance: *"We know that. We know that that's a false reading. We know that. We all know that."* Lt. Carter went on to communicate, in substance, that it was known among BOP staff that inmates were being placed in the SHU on the basis of false evidence when staff *"wanted to"* do so, and that the false evidence in question was the practice of treating a burgundy color result on the NIK Test U drug-testing pouch as a positive result for drugs. Forsyth Decl. ¶ 10.

• During the same November 2019 meeting, Petitioner asked Lt. Carter whether he would speak with Petitioner's case manager in support of Petitioner's request for additional halfway-house time on the ground that the underlying disciplinary finding should not have been imposed. Lt. Carter responded that he would do so. Forsyth Decl. ¶ 11.

• During the period of Mr. Forsyth's incarceration with Petitioner at FCI Sheridan, Mr. Forsyth was aware that Petitioner had obtained printed materials from the manufacturer of the NIK drug-testing kits used by BOP. He personally saw at least one such document, which represented that the burgundy color reading on NIK Test U was not a positive drug result. Forsyth Decl. ¶ 12.

Mr. Forsyth's presence at both meetings was at Petitioner's specific request and was consistent with established inmate practice within the federal correctional system. In federal prisons, inmates do not meet with Special Investigative Services staff or other prison investigators alone. This practice exists to protect the inmate from later allegations by other inmates that the meeting involved cooperation with prison staff against fellow inmates. Forsyth Decl. ¶ 4; Steffey Authentication Decl. ¶ 7. Mr. Forsyth's presence at both the October 2019 and November 2019 meetings was therefore neither unusual nor arranged for any purpose other than ordinary institutional self-protection.

**B. The Russo Letter (Exhibit 3).**

Exhibit 3 is a true and correct copy of a letter Petitioner personally composed at FCI Sheridan using the BOP TRULINCS electronic-correspondence system, dated November 26, 2019, with a TRULINCS system timestamp of December 7, 2019. Petitioner thereafter printed the letter from TRULINCS and mailed it via the United States Postal Service from FCI Sheridan to Magistrate Judge Jolie A. Russo of this Court. The letter references Lt. Carter's prior in-substance acknowledgment to Petitioner and Lt. Carter's agreement to speak with Petitioner's case manager. The letter is contemporaneous documentary corroboration of the matters set forth in Mr. Forsyth's declaration regarding the November 2019 meeting and was composed within days of that meeting. The letter is authenticated by Petitioner's concurrently filed Authentication Declaration (Exhibit 2).

### C.  The Graham Letter (Exhibit 4).

Exhibit 4 is a true and correct copy of a letter Petitioner personally composed at FCI Sheridan using the BOP TRULINCS electronic-correspondence system, dated December 18, 2019, with a TRULINCS system timestamp of December 19, 2019. Petitioner thereafter printed the letter from TRULINCS and mailed it via the United States Postal Service from FCI Sheridan to United States Senator Lindsey Graham. In December 2019, Senator Graham was a United States Senator from South Carolina and the Chairman of the United States Senate Committee on the Judiciary, which has oversight jurisdiction over the United States Department of Justice and its component agency the Federal Bureau of Prisons. The letter establishes Petitioner's contemporaneous diligence in seeking external escalation regarding the NIK Test U disciplinary finding and the BOP's conduct in connection with it. The letter is authenticated by Petitioner's concurrently filed Authentication Declaration (Exhibit 2).

## IV.  MATERIALITY TO THE PENDING RULE 59(e) MOTION

The supplemental evidence is material to each of the grounds presented in the pending Rule 59(e) Motion.

### A.  Material to the Mootness Analysis.

The Court's May 6 Order concluded that Petitioner failed to establish actionable collateral consequences sufficient to overcome mootness under *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). Mr. Forsyth's testimony of contemporaneous BOP staff obstruction during the pending federal habeas proceeding bears directly on whether the underlying disciplinary finding was the product of institutional misconduct rather than a routine administrative determination. Such evidence is properly considered in evaluating whether the disciplinary finding imposes *"penalties or disabilities"* beyond the moral stigma the Court addressed in its May 6 Order. See *Robbins v. Christianson*, 904 F.2d 492, 496 (9th Cir. 1990) (released prisoner disciplined at FCI Lompoc for drug-related conduct retained Article III standing where employment consequences flowed from the discipline itself).

### B.  Material to the Fraud-on-the-Court Showing.

Mr. Forsyth's eyewitness testimony directly corroborates the central factual premise of Petitioner's Rule 60(d)(3) motion: that BOP staff knew the burgundy NIK Test U interpretation was scientifically false and used it as a *"false reading"* to impose discipline on inmates. The statement of a federal employee—SIS Lt. Carter—to Petitioner at FCI Sheridan, witnessed by a percipient fellow inmate who had previously been Petitioner's cellmate and remained in regular contact with Petitioner, is admissible against the United States as the statement of a party

opponent's agent within the scope of employment under Federal Rule of Evidence 801(d)(2)(D). The contemporaneous Russo letter (Exhibit 3) further confirms that Petitioner reported Lt. Carter's in-substance acknowledgment to this Court before judgment was entered, identified Lt. Carter by name and position as a witness whose testimony would corroborate Petitioner's claim, and expressly offered the Court the means to verify the matter independently by contacting Lt. Carter at FCI Sheridan.

### C.  Material to the Equitable Tolling and Diligence Record.

Mr. Forsyth's testimony that BOP staff threatened Petitioner with SHU placement to compel surrender of internal BOP emails during pending federal habeas litigation is direct evidence of institutional obstruction. Together with the Graham letter (Exhibit 4), these materials establish Petitioner's contemporaneous diligence in escalating the matter externally despite institutional pressure. Petitioner's continuing diligence is further documented under oath in his concurrently filed Authentication Declaration ¶¶ 12–15, which establishes a record spanning more than nine years of formal FOIA requests to the Bureau of Prisons, including a FOIA request submitted while Petitioner was still incarcerated at FCI Sheridan to which the Bureau of Prisons responded on September 27, 2019 by confirming the existence of four pages of responsive Safariland-related records and withholding them in their entirety under FOIA Exemption (b)(7)(E), and a continuing pattern of administrative delay, full redaction, withholding, backdated correspondence, and non-response that persists through the date of this filing. This is material to any equitable defense the United States may raise concerning timeliness of post-judgment relief.

### V.  THE COURT SHOULD CONSIDER THE SUPPLEMENTAL MATERIALS

Federal Rule of Civil Procedure 59(e) permits reconsideration where there is *"newly discovered or previously unavailable evidence," "the need to correct manifest errors of law or fact,"* or *"the need to prevent manifest injustice." Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011). All three prongs apply here.

The supplemental material does not introduce any new argument or theory of relief. It provides eyewitness corroboration and contemporaneous documentary evidence supporting the same fraud-on-the-court, suppression, and equitable-tolling arguments already raised in the Rule 60(d)(3) Motion and the pending Rule 59(e) Motion. See *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (Rule 59(e) limit applies to arguments and evidence not previously raised). As the docket reflects, the substantive challenge to the Bureau of Prisons' interpretation of the NIK Test U burgundy result has been continuously before this Court since Petitioner's original supporting brief at ECF 17 (filed July 5, 2019), appointed counsel's

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

discovery briefing at ECF 28 (filed September 27, 2019), and counsel's Objections to the Findings and Recommendation at ECF 37 (filed April 23, 2020).

Three independent responses defeat any argument that the supplemental material should have been submitted earlier. *First*, the Forsyth Declaration did not exist as a sworn instrument until May 10, 2026, when the declarant confirmed his willingness to provide it; until that date, the declaration was not *"available"* within the meaning of *Allstate*, 634 F.3d at 1111. *Second*, the Court's framing in footnote 3 of the May 6 Order—treating the case as a challenge only to NIK Test U reliability—created the specific need to corroborate the broader suppression-and-obstruction record that the Forsyth Declaration documents. *Third*, where the underlying motion is for fraud on the court under Rule 60(d)(3), this Court's inherent power to investigate whether its own judgment was procured by fraud is not constrained by ordinary timing or diligence rules. *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (*"relief may not be denied on that ground alone, since public interests are involved"*).

Petitioner has prosecuted this matter pro se throughout the post-judgment proceedings, and pro se filings in federal court are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## VI.  REQUEST FOR CONSIDERATION BEFORE RULING

Petitioner respectfully requests that this Court consider the supplemental evidence attached to this Notice before ruling on the pending Rule 59(e) Motion. The supplemental materials are being submitted within the Rule 59(e) period and directly bear on the Court's May 6, 2026 denial order, including the issues of mootness, collateral consequences, fraud on the court, and manifest injustice.

Petitioner notes that no counsel for Respondent has entered any appearance in this matter since the original Response to Objections to Findings and Recommendation filed on May 7, 2020 (ECF 38). Petitioner contacted the United States Attorney's Office for the District of Oregon by telephone on May 7, 2026 to identify currently assigned counsel and was unable to do so. Per Local Rule 7-1, this filing is therefore submitted without prior conferral, with the foregoing certification of attempted contact.

## VII.  CONCLUSION

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

For the foregoing reasons, Petitioner respectfully requests that the Court (i) docket the attached supplemental evidence forthwith; (ii) consider the supplemental evidence before ruling on the pending Rule 59(e) Motion; and (iii) grant such other and further relief as is just and proper.

**Dated: May 11, 2026**

Respectfully submitted,

**BILLY F. STEFFEY**
Petitioner, Self-Represented
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I caused a true and correct copy of the foregoing Petitioner's Notice of Supplemental Evidence in Support of Pending Rule 59(e) Motion, together with all attached exhibits, to be served by United States Postal Service Priority Mail Express, with tracking and delivery confirmation, postage prepaid, addressed as follows:

**Office of the Clerk**

United States District Court

District of Oregon

Mark O. Hatfield United States Courthouse

1000 SW Third Avenue

Portland, Oregon 97204

**Civil Division**

United States Attorney's Office

District of Oregon

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

1000 SW Third Avenue, Suite 600

Portland, Oregon 97204-2902

**Dated: May 11, 2026**

_____

**BILLY F. STEFFEY**
Petitioner, Self-Represented