*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

FILED 13 MAY '26 10:30 USDC-ORP

Billy F. Steffey, Self-Represented Petitioner
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BILLY F. STEFFEY,<br>　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN, FCI LOMPOC,<br>　　　　Respondent. | Case No. 3:19-cv-00093-JR<br><br>**URGENT NOTICE**<br>**REGARDING PENDING**<br>**RULE 59(e) MOTION**<br><br>The Honorable Michael H. Simon |

## URGENT NOTICE REGARDING
## PENDING RULE 59(e) MOTION

Petitioner respectfully requests that this supplemental evidence be docketed and brought to the Court's attention *before* the Court rules on Petitioner's pending Rule 59(e) Motion. The supplemental materials are being submitted within the Rule 59(e) period and directly bear on the Court's May 6, 2026 denial order (ECF 53), including the issues of mootness, collateral consequences, fraud on the court, and manifest injustice.

The supplemental evidence includes the Declaration of Eric Forsyth, an out-of-custody former federal inmate who personally witnessed Bureau of Prisons staff (a) threaten Petitioner with the Special Housing Unit to compel surrender of internal BOP emails during pending federal habeas litigation, and (b) acknowledge that the burgundy NIK Test U interpretation was a *"false reading"* used to discipline inmates. This evidence directly supports the Rule 59(e) grounds already presented: manifest error of fact, fraud on the court under Federal Rule of Civil Procedure 60(d)(3), and prevention of manifest injustice.

Pursuant to *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 580 (1946), this Court's inherent power to investigate whether its own judgment was procured by fraud is not constrained

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

by ordinary timing rules. Petitioner therefore submits this supplemental record before this Court's ruling on the pending Rule 59(e) Motion, and within the 28-day period prescribed by Rule 59(e).

**Dated: May 11, 2026**

**BILLY F. STEFFEY**
Petitioner, Self-Represented