**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**JOSHUA KELLER, NYSB #4297396**
Assistant United States Attorney
Joshua.Keller@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2936
Telephone:  (503) 727-1000
        Attorneys for Respondent


# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON


| | |
|---|---|
| **BILLY F. STEFFEY**, | Case No. 3:19-cv-00093-JR |
| Petitioner, | |
| v. | **RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT** |
| **JOSIAS SALAZAR, Warden,** | |
| Respondent. | |


**Page 1      Respondent's Response to Motion to Alter or Amend Judgment**

As required by this Court's Order dated May 29, 2026, ECF 59,[1] Respondent addresses Petitioner's Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, ECF 54.

Petitioner's Motion seeks reconsideration of the Court's Order dated May 6, 2026 ("May 6, 2026 Order"), ECF 53, which denied Petitioner's Amended Motion for Relief from Judgment, ECF 45.  Petitioner's Motion should be denied because it does not meet the high bar set for Rule 59(e) motions.

## I.      Rule 59(e) Standard

Reconsideration under Rule 59(e) is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).  "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (cleaned up).

---

[1] The May 29, 2026 Order set June 5, 2026 as the deadline for this response. However, when we attempted to file on June 5, 2026, ECF appears to have been down. Accordingly, this response is being filed today, the next business day after the deadline set on May 29, 2026.

**Page 2      Respondent's Response to Motion to Alter or Amend Judgment**

Petitioner has not shown newly discovered evidence that changes the result of the May 6, 2026 Order, a change in law, or clear error.

## II.    Petitioner Still Fails to Establish Collateral Consequences Under *Spencer v. Kemna*

The Court's May 6, 2026 Order correctly denied Petitioner's Amended Motion for Relief from Judgment after determining that Petitioner failed to show "collateral consequences sufficient to avoid the mootness caused by his release."  ECF 53 at 6.

Petitioner again asserts that because of the disciplinary hearing, he lost his Verizon job and might suffer negative consequences in a family court case.  But *Spencer v. Kemna*, 523 U.S. 1, 7-13 (1998), forecloses this argument. Petitioner identifies no statute, regulation, or legal rule that imposes legal disability as a result of the disciplinary hearing outcome.

In *Spencer*, the Supreme Court stated that "nonstatutory consequences [such as the possibility that a parole revocation would affect an individual's employment prospects] were dependent upon the discretionary decisions made by an employer or a sentencing judge, which are not governed by the mere presence or absence of a recorded violation of parole, but can take into consideration, and are more directly influenced by, the underlying conduct that formed the basis for the parole violation." *Id* at 13 (quoting *Lane v. Williams*, 455 U.S. 624, 632-33 (1982)) (cleaned up).  The alleged

**Page 3    Respondent's Response to Motion to Alter or Amend Judgment**

consequences flow from *third party decisions*, not by operation of law from the disciplinary hearing itself.

### III.   *Robbins v. Christianson* Does Not Support Petitioner's Collateral Consequences Argument

Petitioner argues that the Court overlooked *Robbins v. Christianson*, 904 F.2d 492 (9th Cir. 1990), which Petitioner claims is directly on point. Petitioner's reliance on *Robbins* is misplaced.  As this Court noted in its May 6, 2026 Order, the "Supreme Court [in *Spencer*] declined to extend the presumption of collateral consequences to the revocation of parole."  ECF 53 at 4.  Petitioner makes no showing of collateral consequences.  He appears to claim that the disciplinary hearing result caused his termination from Verizon, but his Declaration supporting that assertion is inadmissible hearsay because it is based on what "Verizon Human Resources personnel" told Petitioner.  *See* ECF 52 ¶ 6.

Plus, as the Court previously determined, "only overturning the disciplinary hearing itself" is not "relief that is within the 'core' of habeas." ECF 53 at 6.  Consequently, the alleged harm Petitioner identifies cannot be remedied through a habeas petition at this point.

### IV.   Conclusion

Petitioner is released from custody.  The potential results of a family court case or the discretionary actions of an employer are insufficient to

**Page 4      Respondent's Response to Motion to Alter or Amend Judgment**

establish collateral consequences.  Because *Spencer* forecloses Petitioner's collateral consequence argument and this Court already addressed the merits, Petitioner cannot satisfy the high standard required under Rule 59(e). He fails to demonstrate any clear error of law or fact and does not present newly discovered evidence that changes the result of the May 6, 2026 Order. The Motion should be denied.

DATED this 8th day of June 2026.

**SCOTT BRADFORD**
United States Attorney
District of Oregon

/s/ *Joshua Keller*
JOSHUA KELLER
Assistant U.S. Attorney

Attorneys for Respondent

**Page 5    Respondent's Response to Motion to Alter or Amend Judgment**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was placed within a first-class postage prepaid envelope and deposited in the United States Mail within the offices of the United States Attorney or at a United States Post Office according to established office practice at Portland, Oregon, on June 8, 2026, addressed to:

Billy F. Steffey
455 Capitol Mall
Suite 802
Sacramento, CA 95814
*Petitioner Pro Se*

*/s/ Keith Ramsey*
KEITH RAMSEY
Supervisory Paralegal Specialist

**Page 6    Respondent's Response to Motion to Alter or Amend Judgment**