# EXHIBIT H

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

Petitioner's Further Amended Rule 60(d)(3) Motion

**ECF 38 — Respondent's Response to Objections (May 7, 2020)**

Respondent's briefing describing the non-test evidence as corroboration of "the NIK Test's positive result."

**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
**JARED D. HAGER, WSB #38961**
Assistant United States Attorney
U.S. Attorney's Office for the District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Phone: 503.727.1120
Email: jared.hager@usdoj.gov
    Attorneys for the Government

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **BILLY F. STEFFEY JR.**, | Case No.: 3:19-cv-00093-JR |
| Petitioner, | RESPONSE TO OBJECTIONS TO |
| v. | FINDINGS AND RECOMMENDATION |
| **WARDEN J. SALAZAR**, | |
| Respondent. | |

Magistrate Judge Russo correctly applied the facts to the law in this case. *See* ECF 30, F&R. This Court should adopt her findings and recommendation to deny the Petition.

The facts underlying Petitioner Billy F. Steffey's discipline are set out in the Declaration of Discipline Hearing Officer ("DHO") William J. Chetwood and accompanying exhibits. ECF 12. To briefly summarize, Steffey was disciplined for arranging contraband to be mailed to another inmate at FCI Lompoc. Steffey emailed unusual instructions to a purported attorney, resulting in odd-looking, thick, discolored papers being sent to the prison. The papers were legal forms related to several homes Steffey purportedly owned, which he needed to fill out to evict purported tenants. The papers

**Page 1**       **Response to Objections to Findings and Recommendation**

appeared heavily soaked with liquid narcotics, and tested positive for amphetamines. *See id.*, ¶¶ 14-17 & Exs. E, F.

The purported attorney – Steffey's agent, presumably – submitted no evidence to clarify the exchange. Neither did Steffey. Steffey and his purported attorney did not verify actual ownership of any rental property, any need to evict tenants, or any attorney-client relationship. Steffey did not explain why his purported attorney could not handle the paperwork in his absence. Steffey also did not explain why he had the mail addressed to another inmate. *See* ECF 11, Response at 3-4, 6-8 & n.1.

DHO Chetwood relied upon multiple facts to make his determination, such as the detailed communications between Steffey and the supplier, including the exact tracking number of the seized envelope. The DHO also found Steffey lacked credible explanations and made multiple, demonstrably false statements. Of course, the envelope contained odd-looking paper for legal documents, which appeared to be soaked in liquid narcotics and NIK tested positive for narcotics. *See* ECF 12, Declaration of DHO Chetwood, ¶¶ 8-24 & Exs. B, E, F.[1] Steffey's Objections barely touch on the surrounding factual circumstances underlying his discipline, and instead zero in on the NIK Test, which simply confirmed that the strange instructions, the strange-looking legal papers, and the utter lack of corroboration of Steffey's story were a ruse to import drugs into federal prison.

The law is well settled. Steffey acknowledges that prison discipline decisions are valid if supported by "some evidence." *See* ECF 37, Objections at 2-3. The "some evidence" standard "does

---

[1] Liquefied drugs pose well-publicized and vexing problems for prisons. *See, e.g.*, Wash. Post, *Jail inmates now getting drug-soaked paper through mail, jails moving to stop it*, Mar. 10, 2016, *at* https://www.washingtonpost.com/news/true-crime/wp/2016/03/10/jail-inmates-now-getting-drug-soaked-paper-through-mail-jails-moving-to-stop-it. The dangerousness of liquid narcotics is well publicized, too. *See, e.g.*, Wash. Post, *Jake the narcotics dog went into a prison to sniff for drugs. What he found killed him.*, July 22, 2019, *at* https://www.washingtonpost.com/science/2019/07/23/jake-narcotics-k-died-after-sniffing-synthetic-weed-an-alabama-prison/.

**Page 2        Response to Objections to Findings and Recommendation**

not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-56 (1985). The Magistrate Judge rightly did not "make its own assessment of the credibility of witnesses or re-weigh the evidence." ECF 30, F&R at 9 (quoting *Hill*, 472 U.S. at 455). Contrary to Steffey's assertion, *see* ECF 37, Objections at 3, the Magistrate Judge also correctly relied on binding precedent holding that the standard "is minimally stringent, such that a decision will be upheld if there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." ECF 30, F&R at 9 (quoting *Powell v. Gomez*, 33 F.3d 39, 41 (9th Cir. 1994) (emphasis in original)).

Steffey relies on *Castro v. Terhune*, 712 F.3d 1304 (9th Cir. 2013), *see* ECF 37, Objections at 3, but that case reaffirms the "any evidence" standard. *See Castro*, 712 F.3d at 1314. Moreover, *Castro* rejects Steffey's logic that the NIK Test is unreliable simply because it does not preclude the possibility of false positives, and holds that "evidence may qualify as 'some evidence,' even if it does not 'logically preclude[] any conclusion but the one reached.'" *Id.* (quoting *Hill*, 472 U.S. at 457). In short, Steffey misapprehends the meaning of "reliable evidence" to attempt to shift the burden to BOP to establish in this Court the unmitigated credibility of such evidence. The Supreme Court has foreclosed that outcome. *See Hill*, 472 U.S. at 454-57.

Steffey's reliance on news reports and case law demonstrating the possibility of false positives is unavailing. *See* ECF 37, Objections at 3-9. Some of the cases arise in the context of criminal proceedings. *See id.* at 8 (discussing grand jury proceedings). Others rely on actual evidence of a false positive. *See id.* at 5-6. Of course, there are many other cases that have found the NIK Test reliable enough for arrest, criminal prosecution, and prison discipline, which the BOP put before the Magistrate Judge in response to Steffey's motion for discovery. *See* ECF 24, Resp. to Mot. for

**Page 3        Response to Objections to Findings and Recommendation**

Discovery, at 5, 7 (citing various cases); *see also* 2 Drug Testing Law Tech. & Prac. § 8:27, *Use and Admissibility of Drug Tests—Prisoners*, March 2019 Update (collecting cases).[2]

The news reports indicate that other chemicals and substances can trigger positive test results, *see* ECF 37, Objections at 6-7 & n.1, but Steffey never explained to the DHO how the fake legal papers that he arranged to be sent to FCI Lompoc could be contaminated with such chemicals or substances. Steffey also did not explain any of the many other odd surrounding circumstances. The purported sender, attorney Leslie R. Ramos, has since clarified to BOP staff that she has no knowledge of Steffey or "Lisa Rassmussen," she sent no envelope to FCI Lompoc or any federal correctional facility. Ramos believes her name is being misused and has contacted the California State Bar Association and law enforcement about this and similar past incidents. *See* ECF 12, Chetwood Decl. at ¶ 17.

Steffey's argument also ignores the other evidence in the record that Magistrate Judge Russo properly relied on to uphold the BOP's discipline decision, including his "detailed communications" with the sender, his lack of "credible explanations," and his "demonstrably false statements." ECF 30, F&R at 10. The Objections dismiss this other evidence as unreliable evidence of contraband, without any critical eye to the utter lack of reliable explanation underlying Steffey's cover story. The DHO and Magistrate Judge Russo properly found Steffey's failure to credibly explain his suspicious behavior and the suspicious mail as corroborating evidence of the NIK Test's positive result for narcotics.

In sum, prison discipline takes place in a "highly charged atmosphere," and prison staff must act swiftly on evidence that "might be insufficient in less exigent circumstances." *Hill*, 472 U.S. at

---

[2] Magistrate Judge Russo correctly denied the motion for discovery because Steffey failed to establish a prima facie case for relief or the necessity of discovery to resolve the case fairly. *See Harris v. Nelson*, 394 U.S. 286, 290 (limiting a court's authority to order discovery in habeas proceedings). The Court can resolve this substantive due process challenge to prison discipline without costly and disruptive discovery of more facts. Simply put, the record either supports discipline or it does not.

**Page 4        Response to Objections to Findings and Recommendation**

456.  In the context of this case, the Government respectfully submits that the NIK Test provides sufficiently reliable evidence in conjunction with the other evidence and circumstances to render any shortcoming harmless error.  *See, e.g.*, *Spence v. Farrier*, 807 F.2d 753, 756-57 (8th Cir. 1986) (holding that an unconfirmed urinalysis testing ("EMIT") was reliable enough to use in prison disciplinary hearings because "[a]lthough it is conceivable that an inmate could be unjustly disciplined as a result of EMIT tests, the margin of error is insignificant in light of institutional goals"); *Peranzo v. Coughlin*, 850 F.2d 125, 126 (2d Cir. 1988) ("Though the risk of false positives has not been entirely eliminated, we agree with Judge Sand that use of the test results may be relied upon as sufficient evidence to warrant prison discipline under the standards of *Superintendent v. Hill*.") (citation omitted).

To be clear, though the NIK Test is put front-and-center in Steffey's objections, it is merely one piece of a constellation of other evidence DHO Chetwood considered in this case.  The non-NIK Test evidence together with the positive NIK Test result amply satisfy the "some evidence" standard laid out in *Hill*.

For these reasons, the Government respectfully asks the Court to adopt the Findings and Recommendation to deny the Petition.

Dated this 7th day of May, 2020.

Respectfully Submitted,

BILLY J. WILLIAMS
United States Attorney
District of Oregon

/s/ Jared D. Hager
JARED D. HAGER
Assistant U.S. Attorney
Attorneys for the Government

**Page 5        Response to Objections to Findings and Recommendation**