# EXHIBIT K

*Steffey v. Warden, FCI Lompoc, No. 3:19-cv-00093-JR*

Petitioner's Further Amended Rule 60(d)(3) Motion

**Safariland Motion to Dismiss Memorandum, Steffey v. Peters, No. 2:25-cv-11105-VBF-SK (C.D. Cal.), Dkt. 23-2 (Dec. 15, 2025)**

Safariland's counsel's constructions of the Test U instructions: any non-blue color "would require additional testing to confirm the result" (at 14, Page ID #309); "only BLUE indicates a positive result" / "baseless" (at 19, Page ID #314); K2/Spice outside marketed product uses (at 15, Page ID #310).

STEVEN D. SMELSER (SBN 180602)
  ssmelser@yukelaw.com
SYDNEY A. SHAFFER (SBN 348771)
  sshaffer@yukelaw.com
CAMILLE T. BAYLIS (SBN 363838)
  cbaylis@yukelaw.com
YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile:  (213) 362-7788
Email:  eservice@yukelaw.com

Attorneys for Defendant,
SAFARILAND, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BILLY F. STEFFEY,<br><br>                Plaintiff,<br><br>        vs.<br><br>COLETTE S. PETERS, in her official capacity as Director of the Federal Bureau of Prisons; M. WADE JENNINGS, in his individual and official capacity; KEVIN SCHWINN, in his individual and official capacity; SAFARILAND, LLC; R. JOHN LYNN, Regional Special Investigative Agent (DOE 1); SIS TECHNICIAN S. AGUILAR, (DOE 2); SIS LIEUTENANT [FIRST NAME UNKNOWN] JOHNSON, (DOE 3); DISCIPLINE HEARING OFFICER WILLIAM J. CHETWOOD, (DOE 4); DOES 5-50,<br><br>                Defendants. | CASE NO. 2-25-cv-11105-VBF-SK<br><br>**DEFENDANT SAFARILAND, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>*[Filed concurrently with Defendant's Notice of Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6); Declaration of S. Shaffer; and [Proposed] Order]*<br><br>Judge:        Hon. Valerie B. Fairbank<br>Magistrate Judge: Hon. Steve Kim<br>Date:         January 21, 2026<br>Time:         10:00 a.m.<br>Crtrm.:        540<br><br>Trial Date:  None Set |

/ / /

/ / /

5024986.1

1

Case No. 2-25-cv-11105-VBF-SK

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................................................8

II. PLAINTIFF'S FIRST AMENDED COMPLAINT .............................8

III. ARGUMENT ...................................................................................11

    A.  Legal Standard Governing Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6). ................................................11

    B.  Plaintiff's Claims are Barred by the Relevant Statutes of Limitation. ...........................................................................12

    C.  Plaintiff Fails to State a Claim Against Safariland for Strict Products Liability Under a Failure to Warn Theory. ..................13

    D.  Plaintiff Fails to State a Claim Against Safariland for Fraudulent Misrepresentation. .............................................15

    E.  Plaintiff Fails to State a Claim Against Safariland for Fraudulent Concealment. ....................................................17

    F.  Plaintiff Fails to State a Claim Against Safariland for Civil Conspiracy. .......................................................................18

    G.  Plaintiff Fails to Plead Sufficient Facts to Support a Claim for Punitive Damages. ...........................................................20

        1.  Pleading Punitive Damages Under California Law is Substantive for Purposes of Assessing the Pleadings in This Case. ....................................................................20

        2.  Plaintiff's Prayer for Punitive Damages Should be Dismissed Because the Complaint Fails to Plead Specific Facts Sufficient to Establish the Requisite Malice, Oppression or Fraud ........................................20

    H.  Plaintiff Lacks Article III Standing to Bring Claims for Equitable Relief. .................................................................22

        1.  Plaintiff's Release from Custody Renders Moot Any Request for Prospective Relief Tied to Prison Practices ...........23

        2.  Plaintiff Lacks the Requisite Injury-in-Fact for Prospective Relief Against Safariland ..................................24

        3.  Plaintiff Lacks Standing to Bring Equitable Claims on Behalf of Other Prisoners ................................................25

        4.  The Requested Equitable Relief Against Safariland Would Not Redress Plaintiff's Alleged Ongoing Injury ...................26

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

5. Declaratory Relief Is Purely Retrospective as to Safariland ...... 26

IV. CONCLUSION ...................................................................................... 27

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alger Dynamic Opportunities Fund v. Acadia Pharmaceuticals, Inc.*,
  756 F.Supp.3d 852 (2024) ................................................................................. 12

*Alvarez v. Hill*,
  667 F.3d 1061 (9th Cir. 2012) ..................................................................... 23, 24

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001) (abrogated on other grounds by
  *Johnson v. California*, 543 U.S. 499, 504-05 (2005)) ................................. 22, 25

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... 11, 17

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) (en banc) ...................................................... 22, 26

*Beck v. State Farm Mut. Auto. Ins. Co.*,
  54 Cal.App.3d 347 (1976) .................................................................................. 20

*Beckwith v. Dahl*,
  205 Cal. App. 4th 1039 (2012) .................................................................... 16, 17

*Bigler-Engler v. Breg, Inc.*,
  7 Cal.App.5th 276 (2017) .................................................................................. 17

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ............................................................................................ 22

*Clauson v. Superior Court*,
  67 Cal.App.4th 1253 (1998) ....................................................................... 20, 21

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) .............................................................................. 11

*College Hospital, Inc. v. Superior Court*
  (1994) 8 Cal. 4th 704 ........................................................................................ 21

*Contreras v. Dowling*,
  5 Cal.App.5th 394 (2016) .................................................................................. 18

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

*Dilley v. Gunn,*
64 F.3d 1365 (9th Cir. 1995) ...................................................................23, 24

*Dyna-Med, Inc. v. Fair Employment & Housing Com.*
43 Cal.3d 1379 (1987) ...............................................................................20

*Faulkner v. California Toll Bridge Authority,*
40 Cal. 2d 317 (1953) .................................................................................21

*Gasperini v. Center for Humanities, Inc.,*
518 U.S. 415 (1996) ....................................................................................20

*Hodgers-Durgin v. de la Vina,*
199 F.3d 1037 (9th Cir. 1999) (en banc) ..................................................23, 25

*IIG Wireless, Inc. v. Yi,*
22 Cal. App. 5th 630 (2018) .......................................................................18

*Johns v. County of San Diego,*
114 F.3d 874 (9th Cir. 1997) .....................................................................25

*Johnson v. American Standard, Inc.*
(2008) 43 Cal.4th 56 .............................................................................13, 15

*Kidron v. Movie Acquisition Corp.,*
40 Cal.App.4th 1571 (1995) .......................................................................18

*Lazar v. Superior Court,*
12 Cal.4th 631 (1996) .................................................................................16

*Lewis v. Casey,*
518 U.S. 343 (1996) ....................................................................................25

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992) ....................................................................................22

*Mayfield v. United States,*
599 F.3d 964 (9th Cir. 2010) ...........................................................22, 24, 26

*Mirkin v. Wasserman,*
5 Cal. App. 4th 1082 (1993) ......................................................................16

*Mock v. Michigan Millers Mutual Ins. Co.*
(1992) 4 Cal. App. 4th 306 .........................................................................21

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

5024986.1

5

Case No. 2-25-cv-11105-VBF-SK

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

*Murphy v. Hunt,*
455 U.S. 478 (1982) (per curiam) ...................................................................... 24

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001) ............................................................................. 11

*Nelsen v. King County,*
895 F.2d 1248 (9th Cir. 1990) ......................................................................22, 24

*O'Neil v. Crane Co.,*
53 Cal.4th 335 (2012) ...................................................................................... 15

*People v. Powers-Monachello,*
189 Cal.App.4th 400 (2010) ............................................................................. 18

*Prakashpalan v. Engstrom, Lipcomb & Lack,*
223 Cal.App.4th 1105 (2014) ........................................................................... 18

*Sample v. Johnson,*
771 F.2d 1335 (9th Cir.1985) ........................................................................... 22

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,*
559 U.S. 393 (2010) (plurality opinion) ............................................................ 20

*Smith v. Superior Court,*
10 Cal. App. 4th 1033 (1992) ........................................................................... 21

*Sonner v. Premier Nutrition Corp.,*
971 F.3d 834 (9th Cir. 2020) ........................................................................... 13

*Tomaselli v. Transamerica Ins. Co.*
(1994) 25 Cal.App.4th 1269 ............................................................................. 21

*Wallace v. Kato,*
549 U.S. 384 (2007) ........................................................................................ 12

*Wright v. Stang Mfg. Co.*
(1997) 54 Cal.App.4th 1218 ............................................................................. 13

*Wyatt v. Union Mortgage, Co.,*
24 Cal.3d 773 (1979) ....................................................................................... 12

**Statutes**

28 U.S.C. § 2201 ............................................................................................. 11

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

an act by Safariland ...........................................................................................19

Cal. Civ. Code §§1709-1710 (2024) .....................................................................16

Cal. Civ. Code §§3294-3296 ................................................................................20

Cal. Civ. Code §3294(c)(1) ..................................................................................21

Cal. Civ. Code §3294(c)(2) ..................................................................................21

Cal. Civ. Proc. Code §§335.1, 338(d) ..................................................................12

California Civil Code section 3294 ..................................................................20, 21

Code III ...............................................................................................................10

**Other Authorities**

CACI 1205 ............................................................................................................13

Fed. R. Civ. P. 9(b) ..............................................................................................15

Federal Rule of Civil Procedure 12(b)(6) .......................................................11, 12

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

While incarcerated at FCI Lompoc, Plaintiff Billy Steffey ("Plaintiff") was subject to disciplinary proceedings in connection with an incident involving the receipt of mail connected to Plaintiff which was intercepted and deemed to be suspicious by Federal Bureau of Prisons ("BOP") officers.  If the allegations of Plaintiff's First Amended Complaint ("FAC") are assumed to be true, the BOP officers, using a test kit allegedly manufactured and supplied by Defendant Safariland, LLC ("Safariland"), determined samples of paper taken from the suspicious mail to have positive indications of the presence of amphetamines.  The FAC alleges that as a result of the test kit results, Plaintiff underwent disciplinary proceedings which resulted in the imposition of various disciplinary sanctions, during Plaintiff's period of incarceration.  Based on these alleged facts, Plaintiff purports to assert claims against Safariland for strict products liability under a failure to warn theory, fraudulent misrepresentation, fraudulent concealment, civil conspiracy, declaratory relief, injunctive relief, and makes a prayer for punitive damages.  Because these facts do not support, and in several instances negate, Plaintiff's claims against Safariland, the Court should grant this Motion to Dismiss in its entirety.

## II.   PLAINTIFF'S FIRST AMENDED COMPLAINT

The following alleged facts are taken from Plaintiff's First Amended Complaint (Dkt. No. 14, hereinafter "FAC").

On January 18, 2017, while Plaintiff Billy Steffey ("Plaintiff") was in custody at the Federal Correctional Institute ("FCI") in Lompoc, California, a Special Investigative Services ("SIS") Advisory titled, "Buprenorphine HCL (suboxone) Incident Reports" (the "SIS Advisory") was allegedly distributed to all regional directors, wardens, SIS personnel, correctional services staff, and Federal Bureau of Prisons ("BOP") Central Office departments.  (FAC ¶28-29.)  The SIS Advisory

5024986.1

8

Case No. 2-25-cv-11105-VBF-SK

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

allegedly directed BOP staff to use NIK Tests A, U, and K in sequence to identify Buprenorphine HCL, a sequence which Plaintiff claims was not validated by the alleged manufacturer of the NIK tests, Defendant Safariland, LLC ("Safariland" or "Defendant") (FAC ¶31-33, 55.)  Plaintiff further alleges that the SIS Advisory stated a positive NIK Test U result was indicated by a color change to burgundy despite Safariland's product insert and color chart for its NIK tests showing that only blue indicates a positive result for NIK Test U.  (FAC ¶35.)  Plaintiff alleges that the testing protocol set out in the SIS Advisory was further used by the BOP to test for K2/Spice (synthetic cannabinoids), which Safariland never claimed was possible to detect with the NIK tests.  (FAC ¶59.)

Plaintiff contends that the NIK tests utilized by the BOP contained explicit and "prominent" warnings, such as "Do NOT perform tests on paper substrates. False color reactions may result" and "ALL TEST RESULTS MUST BE CONFIRMED BY AN APPROVED ANALYTICAL LABORATORY!"  (FAC ¶¶61-62.)  Despite these warnings, Plaintiff alleges the BOP used these NIK tests on paper substrates, did not require laboratory confirmation of test results, and treated the NIK tests as definitive proof of drug possession.  (FAC ¶63.)

On or about December 5, 2017, Defendant SIS Technician S. Aguilar conducted NIK tests on paper from intercepted mail sent to FCI Lompoc, which was connected to Plaintiff, using NIK Test A and NIK Test U, in direct violation of Safariland's product warning which states, "[d]o NOT perform test on paper substrates."  (FAC ¶¶80-81.)  Defendant Aguilar documented these test results in an Incident Report which states, "[t]he NIK Test U turning an immediate dark burgundy color is a positive indication of the presence of Amphetamines."  (FAC ¶83.)  Plaintiff contends that Defendant Aguilar "knew or should have known the result was negative" because Aguilar had access to Safariland's NIK test instructions which indicate that blue is a positive result, as well as the NIK Test U pouch itself which contains a blue reference square showing an example of what a

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

positive test looks like.  (FAC ¶85.)

On January 23, 2018, an email was sent by Defendant R. John Lynn emphasizing that proper protocol must be followed for NIK tests to ensure that inmate appeals are not successful against the conducted tests.  (FAC ¶¶41-49.) Plaintiff was charged with a Code III violation for "[p]ossession of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia."  (FAC ¶87.)  A disciplinary hearing was held on February 13, 2018, during which Plaintiff contested the charges against him for possession of contraband, objected to the NIK test results as unreliable and argued they were performed by SIS Aguilar in a manner that was contrary to Safariland's stated product warnings, requested laboratory confirmation of the test results, and challenged the testing of paper by SIS Aguilar in violation of Safariland's warnings.  (FAC ¶¶96-97.)  Plaintiff's objections were rejected and his request for confirmatory laboratory testing to validate the NIK test results was denied.  (FAC ¶97.)  Plaintiff was found guilty and sanctioned with a loss of 41 days of vested good conduct time and 180 days of commissary privileges.  (FAC ¶99.)  Plaintiff was also sanctioned with 60 days of disciplinary segregation and a one-year loss of visitation privileges, but both sanctions were ultimately suspended.  (*Id.*)

Plaintiff filed appeals with the BOP regarding the NIK testing and protocol at FCI Lompoc, but each appeal was denied.  (FAC ¶¶108-109.)  Plaintiff filed a habeas corpus petition in the U.S. District Court for the District of Oregon challenging his disciplinary conviction, which was denied on the grounds that the NIK test results were found to have met the deferential standard requiring "some evidence" supporting the disciplinary findings against him.  (FAC ¶¶113-115.) Plaintiff appealed the District Court's decision to the Ninth Circuit, but he voluntarily dismissed the appeal after being granted early release due to COVID-19. (FAC ¶116.)

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

10

Case No. 2-25-cv-11105-VBF-SK

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

In November 2025, Plaintiff commenced this action against Safariland, the BOP, and certain individual BOP officials and agents. Plaintiff's FAC (Dkt No. 14,) purports to assert claims against Safariland under California law for strict product liability under failure to warn (FAC ¶¶153-158), fraudulent misrepresentation (FAC ¶¶159-164), fraudulent concealment (FAC ¶¶165-169), and civil conspiracy (FAC ¶¶170-173), and also seeks declaratory relief under 28 U.S.C. § 2201 (FAC ¶¶183-185), as well as injunctive relief (FAC ¶¶186-190).

## III.    ARGUMENT

### A.    Legal Standard Governing Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* In a motion dismiss, all material allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Moreover, this Court "is not required to accept legal conclusions cast in the form of factual assertions if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). Only plausible claims for relief will survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. A claim is plausible if its factual content permits the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The pleading must include "more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

Here, none of Plaintiff's purported claims state a valid cause of action against Safariland, even under the most liberal of pleading standards. Accordingly, Safariland respectfully requests that the Court grant the motion and dismiss this entire action as to Safariland.

**B.     Plaintiff's Claims are Barred by the Relevant Statutes of Limitation.**

When a statute of limitations issue is raised through a motion to dismiss pursuant to FRCP 12(b)(6), it must be shown that, beyond doubt, the plaintiff can prove no set of facts that would establish the timeliness of their claims. *Alger Dynamic Opportunities Fund v. Acadia Pharmaceuticals, Inc.*, 756 F.Supp.3d 852, 880 (2024). Plaintiff's allegations show that all relevant events occurred between January 2017 and June 2018, yet he did not file this action until November 2025, over seven years later, thereby necessitating a dismissal.

Plaintiff's FAC alleges that he was drug-tested in late 2017 and placed in solitary confinement until June 2018. He filed multiple administrative petitions challenging the discipline, all of which were denied, and later filed a habeas corpus petition before his ultimate release from custody in 2021. (*See generally* Plaintiff's FAC). These allegations show Plaintiff believed discipline was wrongful in 2018, triggering accrual. *See, Wallace v. Kato*, 549 U.S. 384, 391 (2007) (a claim accrues at the time of the wrongful act or injury, not upon release from custody, and continued incarceration does not toll accrual).

California imposes a two-year statute of limitations on strict products liability claims, and a three-year statute of limitations for fraud-based claims, including civil conspiracy based on fraud. Cal. Civ. Proc. Code §§335.1, 338(d); *see also Wyatt v. Union Mortgage, Co.*, 24 Cal.3d 773, 792 (1979). Plaintiff's grievances and habeas petition show discovery of the relevant facts by 2018, therefore the relevant statutes of limitation expired between 2019 and 2021, well before this suit.

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

Because the underlying torts are time-barred, requests for declaratory and injunctive relief fail as well. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (equitable relief is unavailable where a plaintiff fails to "establish that she lacks an adequate remedy at law.")

**C.    Plaintiff Fails to State a Claim Against Safariland for Strict Products Liability Under a Failure to Warn Theory.**

Plaintiff does not meet the requisite pleading standard of 12(b)(6) as to his claim for strict products liability under the theory of failure to adequately warn. California Civil Jury Instruction 1205 provides that the elements of "failure to warn" causes of action are:

> "(1) The defendant manufacturer, distributed or sold a product;
> (2) The product had potential risks that were known or knowable to the defendant;
> (3) Such risks presented a substantial danger when the product was used or misused in an intended or reasonably foreseeable way;
> (4) Ordinary consumers would not have recognized the potential risks;
> (5) The defendant failed to warn consumers of the potential risks adequately; and
> (6) As a result of the lack of instructions or warnings, [plaintiff was] harmed."
> (CACI 1205).

If a plaintiff relies on a failure to warn theory, he or she must "identify which danger was not warned against, that the danger was substantial, that the danger was not readily recognizable to an ordinary consumer, that the manufacturer knew or should have reasonably known of the danger, and causation." *See, Johnson v. American Standard, Inc.* (2008) 43 Cal.4th 56, 64-67; *Wright v. Stang Mfg. Co.* (1997) 54 Cal.App.4th 1218, 1230.  Additionally, the Supreme Court of California in *Finn v. G.D. Searle & Co.* emphasized that "if every report of a possible risk, no matter how speculative, conjectural, or tentative, imposed an affirmative duty to give some warning, a manufacturer would be required to inundate [consumers] indiscriminately with notice of any and every hint of danger, thereby inevitably

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

diluting the force of any specific warning given." 35 Cal.3d 691, 701 (1984.)

Here, Plaintiff alleges that Safariland's warnings were inadequate as to: (1) rates of false positives, (2) burgundy is the base color of tests, (3) blue is the proper color for positive tests, (4) scientific impossibility of detecting K2/Spice with NIK tests, (5) prohibition against testing paper substrates, and (6) mandatory laboratory confirmation of test results. (FAC ¶156). However, Plaintiff's own complaint states facts outlining the exact warnings provided by Safariland and undermines Plaintiff's argument of their inadequacy.

Regarding false positives, Plaintiff quotes to a warning from the Safariland NIK test instructions that states "Do NOT perform test on paper substrates. False color reactions may result." Id. ¶61. Additionally, Plaintiff quotes the warning by Safariland instructions for NIK Test U which states that "if any other color develops [besides dark blue], proceed to Test A," a warning providing that any other color, including burgundy, would require additional testing to confirm the result. Id. ¶4, 34. Plaintiff's allegation that Safariland failed to adequately warn that Blue is the only color for a positive methamphetamine test is further contradicted by his own recitation that Safariland's "product insert and color chart show that only BLUE indicates a positive result." Id. ¶35. Therefore, the facts set forth by Plaintiff undermine the first three warnings that Plaintiff takes issue.

Plaintiff's subsequent allegations that Safariland failed to emphasize the importance of not using the NIK tests on paper substrates, as well as the requirement for laboratory confirmation are also contradicted by his pleaded facts. Plaintiff quotes Safariland's instruction which "prominently warn: "Do NOT perform tests on paper substrates" and "ALL TEST RESULTS MUST BE CONFIRMED BY AN APPROVED ANALYTICAL LABORATORY!" Id. ¶61-62 (emphasis in original) Plaintiff cannot logically plead an inadequacy in Safariland's warnings when he himself describes them as *prominent*. Further, Plaintiff's use of the warnings in support of his claims that tests were misused by the BOP in direct opposition to the

Yukevich | Cavanaugh
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

warnings by Safariland undermines his failure to warn allegations. (FAC ¶63, 81, 85, 172.)

In regard to Plaintiff's claim that Safariland failed to adequately warn that it was "scientifically impossible" to detect K2/Spice with NIK tests, Plaintiff lacks the causal chain required for strict liability failure to warn. (FAC ¶155.) "In strict liability law, the plaintiff's injury must have been caused by a 'defect' in the defendant's product." *O'Neil v. Crane Co.*, 53 Cal.4th 335, 347 (2012). The FAC does not allege facts that Plaintiff was harmed by a NIK Test that was improperly used to detect K2/Spice. Plaintiff has, therefore, failed to plead the causation element for his strict liability claim as to the K2/Spice allegation.  Further, Plaintiff does allege that Safariland "never claimed that NIK tests can detect K2/Spice." (FAC ¶59.) If Safariland was required to over warn of risks, including those outside the scope of their marketed product uses, courts have held that this would "invite mass consumer disregard and ultimate contempt for the warning process." *Johnson*, 43 Cal.4th at 70.

Therefore, Plaintiff's allegation that Safariland should be strictly liable for a failure to adequately warn is insufficiently plead and this cause of action should be dismissed in its entirety.

**D.  Plaintiff Fails to State a Claim Against Safariland for Fraudulent Misrepresentation.**

All claims sounding in fraud or misrepresentation must be pleaded with particularity, especially with respect to the "circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under California law, to recover on a claim for misrepresentation, a plaintiff must prove all of the following: (1) the defendant represented to the plaintiff that a fact was true; (2) the defendant's representation was false; (3) the defendant knew that the representation was false when it made it, or made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

reasonably relied on the defendant's representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing the plaintiff's harm. *See Lazar v. Superior Court,* 12 Cal.4th 631, 638 (1996); *see also* Cal. Civ. Code §§1709-1710 (2024); California Civil Jury Instruction ("CACI") No. 1900 (2025).

"There are two causation elements in a fraud [or misrepresentation] cause of action. First the plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have caused [him] to take a detrimental course of action. Second, the detrimental action taken by the plaintiff must have caused [him] alleged damage." *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1061 (2012).

Plaintiff fails to allege misrepresentation with the required particularity. But, more importantly, the FAC (Dkt. No. 14, FAC ¶¶159-164) does not allege that Safariland made any representations, directly or indirectly, expressly, or impliedly, to Plaintiff. As a matter of law, Plaintiff does not have a claim for fraudulent misrepresentation if no representations were made to him. The FAC states only that Safariland allegedly represented to the BOP, that the NIK tests (1) can reliably detect drugs in prison settings, (2) can detect K2/Spice, and (3) are suitable for use without laboratory confirmation in disciplinary proceedings. (FAC ¶160.) Plaintiff makes no claim and provides no facts indicating that Safariland ever made any representations whatsoever to Plaintiff himself, thus there is no set of facts under which Plaintiff could possibly recover from Safariland on a fraudulent misrepresentation claim.

Moreover, the allegations of the FAC establish that Plaintiff did not rely on any representation by Safariland and, by extension, could not possibly have been harmed by any such representation. "It is settled that plaintiff, to state a cause of action for deceit based on misrepresentation, must plead that he or she actually relied on the misrepresentation." *Mirkin v. Wasserman*, 5 Cal. App. 4th 1082, 1088 (1993). To recover, Plaintiff must prove that the representation at issue "caused him

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

to take a detrimental course of action." *Beckwith*, 205 Cal.App.4th at 1061. Nowhere in the FAC does Plaintiff indicate that Plaintiff himself relied on any representation made by Safariland or on its NIK test kit, thus Plaintiff did not and could not possibly have undertaken a detrimental course of action based on a representation from Safariland. It is unclear whether Plaintiff even had any knowledge (prior to his alleged injury) that there was such a thing as a NIK test kit.

Plaintiff's claim that he was somehow defrauded by Safariland is completely implausible and does not state a claim on which relief can be granted. See *Iqbal*, 556 U.S. at 679. Because it would be completely inconsistent with the FAC for Plaintiff to now allege that Safariland made representations to him or that he relied on those representations, the fraudulent misrepresentation claim (Count IV, FAC ¶¶159-164) should be dismissed without leave to amend.

**E.  Plaintiff Fails to State a Claim Against Safariland for Fraudulent Concealment.**

The elements of a fraudulent concealment claim are: (1) defendant concealed or suppressed a material fact, (2) defendant was under a duty to disclose the fact to the plaintiff, (3) defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result, the plaintiff sustained damage. *Bigler-Engler v. Breg, Inc.*, 7 Cal.App.5th 276, 311 (2017). A duty to disclose must arise from direct dealings between the plaintiff and the defendant, "it cannot arise between the defendant and the public at large." *Id.*

Here, Plaintiff does not allege that he dealt directly with Safariland or otherwise alleged facts giving rise to a district legal relationship between the parties. Therefore, under *Bigler-Engler,* Plaintiff's fraudulent concealment claim fails.

Even if a duty existed, Plaintiff fails to allege he would have acted differently if facts were disclosed. As *Buckland v. Threshold Enterprises* held, a fraud claim

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

based on omission fails without actual reliance. 157 Cal.App.4th 728, 747 (2007). Plaintiff injuries, solitary confinement and other sanctions, resulted from the BOP's independent actions, not the actions of Plaintiff in actual reliance on Safariland. The claim should therefore be dismissed in its entirety.

### F.    Plaintiff Fails to State a Claim Against Safariland for Civil Conspiracy.

"The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act." *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1582 (1995). "[A]ctual knowledge of the planned tort, without more, is insufficient to serve as the basis of a conspiracy claim as the knowledge must be combined with intent to aid in the commission of the tort. *Id.* Simply knowing that a person's products or services are being used for a wrongful purpose is insufficient to infer a conspiracy. *People v. Powers-Monachello*, 189 Cal.App.4th 400 (2010). To succeed on a conspiracy claim, a plaintiff must allege (1) the formation and operation of the conspiracy; (2) wrongful conduct in furtherance of the conspiracy; and (3) damages arising from the wrongful conduct. *AREI II Cases,* 216 Cal. App. 4th 1004, 1022 (2013).

"Conspiracy is not a separate tort, but a form of vicarious liability by which one defendant can be held liable for the acts of another. *IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630, 652 (2018). A conspiracy requires evidence "that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *Id.* at 652. Additionally, an inference supporting the knowledge and intent elements of civil conspiracy must logically flow from other established facts, and suspicions are not enough. *Contreras v. Dowling,* 5 Cal.App.5th 394 (2016). When fraud is alleged to be the object of a conspiracy, the claim must be plead with particularity. *Prakashpalan v. Engstrom, Lipcomb & Lack*, 223 Cal.App.4th 1105, 1136 (2014).

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

Here, Plaintiff's vague contentions that all defendants conspired to "misrepresent NIK test results, deny fair tribunals, and falsely convict inmates," is purely conclusory and insufficient to withstand the present motion, especially given the heightened pleading standard for conspiracies allegedly aimed at fraud. The FAC merely offers vague, ambiguous, and threadbare allegations that fail to show how Safariland supposedly acted with the BOP or others, intended to pursue any unlawful objective, or even knew of any alleged conspiracy within the BOP. The FAC's sole claim of Safariland's role in forming the alleged conspiracy is "Safariland's continued supply of products despite knowledge of misuse." (FAC ¶171.) Plaintiff does not put forth sufficiently specific facts under the strict pleading standards for fraud to demonstrate that Safariland had actual knowledge of any planned tort or unlawful objective to result from the claimed conspiracy.

Further, even if Plaintiff could show Safariland knew of the BOP's alleged misuse, settled law makes clear that such knowledge, even of a planned tort, is not enough to support a conspiracy claim without evidence that Safariland intended to aid in committing the tort. The only mention in the FAC of an act by Safariland claimed to have been done in furtherance of the conspiracy is allegedly "misrepresenting burgundy baseline color as positive result." (FAC ¶172.) This baseless claim does not logically flow from the facts set forth in the FAC, and in fact is directly contradicted by Plaintiff's own concessions elsewhere in the FAC citing to direct language from Safariland's "product insert and color chart show[ing] that only BLUE indicates a positive result." (FAC ¶35.)

Plaintiff's allegations in support of his claim for civil conspiracy against Safariland is therefore completely conclusory, and are unsupported, or explicitly contradicted, by the specific facts pleaded in the FAC. Thus, the Court should dismiss the civil conspiracy claim (Count V, FAC ¶¶170-173) without leave to amend.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

### G. Plaintiff Fails to Plead Sufficient Facts to Support a Claim for Punitive Damages.

#### 1. Pleading Punitive Damages Under California Law is Substantive for Purposes of Assessing the Pleadings in This Case

Classification of a law as being "substantive" or "procedural" requires courts to determine whether the application of a rule would "have *so* important an effect on the fortunes of…the litigants that failure to apply it would unfairly discriminate against citizens of the forum, or to be likely to cause a plaintiff to choose federal court." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426 (1996). The important question is whether the rule in question "significantly affect(s) the result of a litigation." *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 406 (2010) (plurality opinion). Permitting plaintiffs the opportunity to plead punitive damages, without conforming to California law, would significantly affect the course and result of this litigation.

California has enacted a specific statutory scheme governing the recovery of punitive/exemplary damages within the state. *See* Cal. Civ. Code §§3294-3296. California case law supporting this scheme identifies that claims for these types of damages are *disfavored*. *See Dyna-Med, Inc. v. Fair Employment & Housing Com.* 43 Cal.3d 1379, 1393 (1987); *see also Beck v. State Farm Mut. Auto. Ins. Co.,* 54 Cal.App.3d 347, 355 (1976). And given their disfavored nature, California courts have developed case law to ensure that a party seeking punitive damages plead with particularity the basis upon which they seek such a recovery. *Clauson v. Superior Court,* 67 Cal.App.4th 1253, 1254-55 (1998).

#### 2. Plaintiff's Prayer for Punitive Damages Should be Dismissed Because the Complaint Fails to Plead Specific Facts Sufficient to Establish the Requisite Malice, Oppression or Fraud

California Civil Code section 3294 authorizes punitive damages upon a showing of malice, fraud, or oppression. Malice is defined as either "conduct which

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

is intended by the defendant to cause injury to the plaintiff," or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code §3294(c)(1). Oppression is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code §3294(c)(2). Both malice and oppression are defined in California Civil Code §3294 as involving "despicable conduct," which is conduct that is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Mock v. Michigan Millers Mutual Ins. Co.* (1992) 4 Cal. App. 4th 306, 331. "[T]he adjective 'despicable' is a powerful term." *College Hospital, Inc. v. Superior Court* (1994) 8 Cal. 4th 704, 725. "Such conduct has been described as having the character of outrage frequently associated with crime." *Tomaselli v. Transamerica Ins. Co.* (1994) 25 Cal.App.4th 1269, 1287. California courts have held that the standard of adequate pleading of malicious conduct also applied to the pleading of oppressive conduct. *See Smith v. Superior Court*, 10 Cal. App. 4th 1033, 1041 (1992).

Accordingly, in order to withstand a motion to strike punitive damages, Plaintiff's FAC must plead specific and ultimate facts sufficient to establish that Defendant's conduct was either (1) intended to cause damages to plaintiff or (2) that the alleged conduct was so "base, vile or contemptible" that it would be despised and looked down upon by ordinary people. *See Id.*; *see also Clauson*, 67 Cal. App. 4th at 1254. Where a prayer for punitive damages is based on unsupported conclusions, those unsupported conclusions are properly stricken. *Faulkner v. California Toll Bridge Authority,* 40 Cal. 2d 317, 329 (1953).

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

As described herein, Plaintiff has failed to allege, and is unable to allege, any facts to warrant an award of punitive damages under strict products liability under a failure to warn theory, fraudulent misrepresentation, fraudulent concealment, or civil conspiracy theories.  Therefore, Plaintiff's claim and prayer for punitive damages against Safariland should be dismissed without leave to amend.

**H.    Plaintiff Lacks Article III Standing to Bring Claims for Equitable Relief.**

Article III standing requires: (1) a concrete, particularized, and actual or imminent injury; (2) fairly traceable to the defendant's conduct; and (3) likely to be redressed by the requested relief.  *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc).  The U.S. Supreme Court likewise holds that Article III imposes an "irreducible constitutional minimum" of standing, injury in fact, causation, and redressability, for every claim and every form of relief. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992). A plaintiff must establish standing for each form of relief requested, including prospective relief. *See Mayfield v. United States,* 599 F.3d 964, 969-70 (9th Cir. 2010).

The Ninth Circuit has repeatedly emphasized that past injury by itself does not confer standing to seek injunctive or declaratory relief. A plaintiff seeking prospective relief "must demonstrate that he is realistically threatened by a repetition of [the violation]." *Armstrong v. Davis*, 275 F.3d 849, 860-61 (9th Cir. 2001) (abrogated on other grounds by *Johnson v. California*, 543 U.S. 499, 504-05 (2005)).  Past exposure to harm is "largely irrelevant" absent a showing of a "very significant possibility" of future harm to the plaintiff himself. *Nelsen v. King County*, 895 F.2d 1248, 1250-52 (9th Cir. 1990). "[T]he burden [of] showing a likelihood of recurrence [is] firmly on the plaintiff." *Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir.1985); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983).

/ / /

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

Where a plaintiff seeks both declaratory and injunctive relief based on past government conduct, the standing and ripeness inquiries for the two forms of relief are effectively the same: both require a non-speculative likelihood of future injury to the named plaintiff, not merely to third parties. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1042-44 (9th Cir. 1999) (en banc).

Thus, even if Plaintiff had adequately pled past injury caused by Safariland for purposes of damages, he must still plead ongoing or imminent future injury redressable by prospective relief against Safariland. He has not.

1. <u>Plaintiff's Release from Custody Renders Moot Any Request for Prospective Relief Tied to Prison Practices</u>

The complaint acknowledges that Plaintiff "has been released from federal custody and is no longer under supervision." (FAC pp. 4 and 20.)  Yet, Counts VIII and IX seek forward-looking declarations and injunctions about BOP disciplinary practices, use of Safariland NIK tests, and treatment of current federal inmates.

The Ninth Circuit holds that an inmate's release "generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action." *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995); *see also Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (applying to declaratory relief). The Supreme Court applied the same rule in *Preiser v. Newkirk*, finding that an inmate's challenges to a prior transfer became moot once he returned to more favorable conditions, leaving no reasonable expectation that the complained-of conduct would recur. 422 U.S. 395, 401-03 (1975).

Plaintiff's release from BOP custody removes him entirely from BOP housing or disciplinary policies. As in *Alvarez*, where a released inmate alleged ongoing collateral consequences from past prison practices, the Ninth Circuit held that declaratory or injunctive relief "would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." 667 F.3d at 1064. Similarly, Plaintiff is no longer incarcerated and is not subject to BOP's use

of NIK tests or any Safariland product, rendering declaratory or injunctive relief moot.

Plaintiff also cannot rely on the "capable of repetition, yet evading review" exception. *Alvarez* rejected this argument, holding that a former inmate's speculative possibility of returning to custody, requiring commission of a new crime, is too conjectural to preserve live claims for prospective relief. 667 F.3d at 1065. That is fully consistent with the Supreme Court's rule that, outside the class-action context, this exception applies only where there is a reasonable expectation that "the same complaining party" will again face the same challenged action, not a "mere physical or theoretical possibility" of recurrence. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam).

Here, Plaintiff's allegations are but a "chain of speculative contingencies" that cannot sustain Article III jurisdiction. *See Nelsen*, 895 F.2d at 1252-54. Under *Dilley* and *Alvarez*, Plaintiff's release moots his requests for injunctive and declaratory relief about prison use of Safariland's NIK tests and related BOP policies, therefore, Counts VIII and IX fail to state a claim for prospective relief against Safariland.

### 2. Plaintiff Lacks the Requisite Injury-in-Fact for Prospective Relief Against Safariland

The Complaint alleges past harm from alleged wrongful discipline and solitary confinement, along with ongoing reputational and psychological effects (e.g., stigma for "permanent disciplinary record" and PTSD symptoms). These allegations do not satisfy the Ninth Circuit's "real and immediate threat" standard for prospective relief. *Nelsen* explains that "[p]ast exposure to harm is not sufficient to confer standing" unless there is a "very significant possibility" of being harmed again. *Nelsen,* 895 F.2d, at 1250-51. Similarly, *Mayfield* holds that a plaintiff is entitled to injunctive relief only if he faces a "real or immediate threat" of being wronged again in a similar way. 599 F.3d at 970 (quoting *City of Los Angeles*, 461 U.S. at 111).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Here, the Complaint alleges no realistic threat that Safariland's NIK tests will again be used against Plaintiff, that the same misinterpretation of "burgundy" will recur, or that BOP will again deny him due process. These risks are speculative and fall far short of the "credible threat" required. *Armstrong*, 275 F.3d at 860-61. Plaintiff lacks standing to seek declaratory or injunctive relief against Safariland.

### 3. Plaintiff Lacks Standing to Bring Equitable Claims on Behalf of Other Prisoners

The wording of Counts VIII and IX confirms the Article III problem. Count VIII alleges an "actual controversy" regarding BOP's use of unconfirmed NIK tests, ex parte communications, retaliation, and the "one team" policy, among other issues. But, when Plaintiff explains why relief is "necessary," he says it is to protect current federal inmates from alleged BOP misconduct, citing imminent risk of unfair hearings and NIK test-based discipline. The requested equitable relief targets the BOP's actions, not Safariland's independent conduct. (FAC ¶3, 31-33).

The Ninth Circuit holds that named plaintiffs cannot obtain class-wide equitable relief for injuries they are unlikely to suffer themselves: without a likelihood of future harm, injunctive and declaratory relief claims are unripe. *Hodgers-Durgin*, 199 F.3d at 1042-44. The Supreme Court similarly emphasizes that federal courts exist to provide relief to those who have suffered or will imminently suffer actual harm, not to restructure institutions based on third-party injuries. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). Here, Plaintiff's admitted aim "to protect current federal inmates from the same fraudulent practices and unfair tribunals" underscores that Counts VIII and IX seek systemic relief that *Lewis* forbids. Under *Hodgers-Durgin*, Plaintiff's failure to establish a likelihood of future injury is fatal to standing, for both injunctive and declaratory relief.

Additionally, pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions or other documents on behalf of others. See *Johns v. County of San Diego,* 114 F.3d 874, 877

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

(9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

Therefore, even if Plaintiff did have standing to pursue his own equitable claims for relief, he would be unable to seek relief for other prisoners through his status as *pro se* litigant.

### 4. The Requested Equitable Relief Against Safariland Would Not Redress Plaintiff's Alleged Ongoing Injury

Even assuming Plaintiff has some ongoing injury (e.g., reputational consequences of his disciplinary record), he must still show that prospective relief against Safariland would likely redress that injury. *Bates*, 511 F.3d at 985; *Mayfield*, 599 F.3d at 970.

Here, any improvement in Plaintiff's status, expungement of his disciplinary record, restoration of good time, or changes to BOP NIK-testing policies, would turn entirely on BOP's discretionary decisions, which an order directed solely at Safariland cannot compel. Therefore, Plaintiff lacks standing and dismissal of the declaratory and injunctive relief claims is proper.

### 5. Declaratory Relief Is Purely Retrospective as to Safariland

Plaintiff's declaratory judgment request regarding Safariland's NIK tests is entirely retrospective. He asks the Court to declare that his past disciplinary conviction was based on fabricated evidence, that unconfirmed NIK test results were insufficient, that BOP's past practices violated due process and equal protection, and that prior directives contradicted manufacturer warnings.

The Ninth Circuit has cautioned that declaratory relief cannot be used to obtain a retrospective pronouncement of past governmental conduct when it will not alter the parties' legal rights going forward. *Mayfield*, 599 F.3d at 972. Here, as in *Mayfield*, Plaintiff's requested declarations would not change his legal status, modify any ongoing relationship with Safariland, or prevent future harm. They

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

would operate solely as an advisory statement about past conduct, which is constitutionally insufficient to support a stand-alone claim for declaratory relief.

Accordingly, as to Safariland, Counts VIII (declaratory relief) and IX (injunctive relief) fail to allege a live Article III case or controversy and should be dismissed for lack of standing and mootness.

## IV.    CONCLUSION

For the foregoing reasons, Safariland respectfully requests that the Court grant the instant Motion to Dismiss in its entirety.

DATED:  December 15, 2025          YUKEVICH | CAVANAUGH

By:  */s/ Steven D. Smelser*
    Steven D. Smelser
    Sydney A. Shaffer
    Camille T. Baylis
    Attorneys for Defendant,
    SAFARILAND, LLC

YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF PROCEDURE 12(b)(6)

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Safariland, LLC, certifies that this brief contains 6,374 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: December 15, 2025___                    /s/ Steven D. Smelser

                                               Steven D. Smelser

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# **PROOF OF SERVICE**

**Billy F. Steffey vs. Colette S. Peters et al.**
**USDC, Central Dist. of California - Case No. 2:25-cv-11105-VBF-SK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 S. Grand Avenue. 15th Floor, Los Angeles, CA 90071-1560.

On December 15, 2025, I served true copies of the following document(s) described as **DEFENDANT SAFARILAND, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** on the interested parties in this action as follows:

Billy F. Steffey                                     Plaintiff Pro Per
229 Dragonfly Circle
Sacramento. CA 95834

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Yukevich | Cavanaugh for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 15, 2025, at Los Angeles, California.

/s/ Martha Blancas Gutierrez
Martha Blancas Gutierrez

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788