SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MEREDITH D.M. BATEMAN, OSB #192273**
Assistant United States Attorney
**STACI SCHOFF, CAB #320692**
Special Assistant United States Attorney
meredith.bateman@usdoj.gov
staci.schoff@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BILL F. STEFFEY**, | **3:19-cv-00093-JR** |
| Petitioner, | **Respondent's Response to Further Amended Motion for Relief from** |
| v. | **Judgment Under Fed. R. Civ. P. 60(d)(3)** |
| **WARDEN, FCI LOMPOC** | |
| Respondent. | |

I.    **INTRODUCTION**

Petitioner's Motion seeks to vacate his December 2017 disciplinary infraction for

introducing drugs into the prison through the mail.  Petitioner argues Respondent committed

fraud on the court under Federal Rule of Civil Procedure 60(d)(3) because a judgment was

"procured by a materially false presentation of the Bureau of Prisons' NIK field-test evidence –

**Respondent's Response to Further Amended
Motion for Relief from Judgment Under
Fed. R. Civ. P. 60(d)(3)**                                                    **Page 1**

specifically, the representation that a NIK Test U 'burgundy' result was a positive identification of a controlled substance – and by the concealment of internal BOP records bearing on that representation." ECF No. 69, p. 5. Petitioner's Motion should be denied because it does not meet the high bar set for Rule 60(d)(3) motions. Petitioner's request for discovery and an evidentiary hearing should also be denied because he fails to specifically allege how such information would demonstrate he is entitled to relief and because there was some evidence of guilt to support his disciplinary finding.

## II.    BACKGROUND

### a.    Factual Background

Petitioner was convicted in the District of Nevada for conspiracy to traffic and use one or more counterfeit devices to obtain items in value in excess of $1,000 and for aggravated identity theft. On August 7, 2014, he was sentenced to 84 months of imprisonment. Declaration of William J. Chetwood ("Chetwood Decl."), ECF No. 12, p. 2.

On December 5, 2017, while Petitioner was housed at FCI Lompoc, the FCI Lompoc mailroom received an envelope addressed to another inmate with tracking number 0171450000084946239. Chetwood Decl., p. 5. A correctional systems officer opened the envelope and discovered what appeared to be legal paperwork from an attorney, but, according to the officer, the paper felt "unusually thick" and "grainy," and appeared to have stains and discolorations. Chetwood Decl. Exh. B, p. 1; Exh. F, p. 1. SIS Technician Aguilar conducted two tests on the paper using a NIK brand chemical field-testing kit: (1) a Test A result that "had an immediate orange rapidly turning brown color, indicating Amphetamines"; and (2) a Test U,

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                                    **Page 2**

which "turned an immediate dark burgundy color, indicating Amphetamines." Chetwood Decl. Exh. F, p. 2.

In addition to the test results, Aguilar determined there was a "money link" between Petitioner and the inmate to whom the mail was addressed. Chetwood Decl. Exh. E, p. 2. Aguilar also reviewed emails between Petitioner and an unknown paralegal identified as "Lisa Rasmussen, Esq." *Id.* While the emails did not reference illegal substances explicitly, the emails linked Petitioner to the incoming mail because, on the same day the package was discovered by the correctional officer, Ms. Rasmussen sent Petitioner an email with the package's tracking number, saying, "I reached out. 70171450000084946239." *Id.* Aguilar's review of other emails between Petitioner and Rasmussen both before and after the package was received appeared to reveal that Petitioner was aware of the package being sent and anticipating its arrival. *Id.*

Prison officials accused Petitioner of "[i]ntroduction or making of any narcotics, marijuana, drugs or related paraphernalia not prescribed for the individual by medical staff." On February 13, 2018, a Discipline Hearing Officer (DHO) conducted a hearing and concluded that Petitioner committed the Prohibited Act as charged. Chetwood Decl. Ex. E, p. 4. At the hearing, Petitioner refused to make a statement "due to possible charges being brought on by outside law enforcement agency" and instead provided a written statement. *Id.*, p. 3. In reaching that decision, the DHO relied upon the NIK tests, written statements and memoranda from the SIS Technician, photographic evidence depicting the mail items, Petitioner's email communications with Rasmussen, and Petitioner's statement at the DHO hearing and his written submission. *Id.* pp. 2-3. The DHO imposed sanctions of 41 days loss of good conduct time, 60 days of disciplinary segregation (suspended pending 180 days of clear conduct), 180 days loss of

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                              **Page 3**

commissary privileges, and one-year loss of social visiting privileges (suspended pending 180 days of clear conduct). *Id.* p. 4.

b. **Procedural Background**

On January 18, 2019, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 requesting that the disciplinary action be expunged from his record and that his 41 days of good conduct time be restored.  Petitioner's allegations included: (1) the DHO hearing was procedurally flawed because the hearings officer was not fair and impartial; (2) the DHO communicated with Aguilar in advance of the hearing and agreed to impose "minimal sanctions" if Petitioner did not fight the charges; (3) Petitioner did not receive adequate notice of the charges against him; (4) NIK tests are not able to detect "designer drugs," NIK testing kits have a limited "shelf life," and the Bureau of Prisons had not shown the kits used in his case were not expired; and (5) NIK tests have known reliability issues with respect to testing paper for amphetamines.  ECF No. 1.

On February 25, 2020, U.S. Magistrate Judge Jolie A. Russo issued Findings and Recommendation, recommending that the Court deny the Petition.  ECF No. 30.  On May 18, 2020, the Court adopted the Findings and Recommendations and entered Judgement denying his Petition. *See* ECF Nos. 39, 40.

On January 26, 2026, Petitioner filed a Motion for Relief from Judgment, and on January 30, 2026, filed an Amended Motion for Relief from Judgment, seeking relief under Federal Rule of Civil Procedure 60 and generally based on "fraud on the court."  *See* ECF Nos. 43, 45. Pursuant to the Court's request that Petitioner show cause in writing why his motion should not be denied because his Petition appeared to be moot, ECF No. 49, Petitioner argued he was

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)** **Page 4**

suffering ongoing collateral consequences in employment and in a custody dispute for his partner's children.  ECF No. 51.  The Court rejected that argument and denied Petitioner's motion for relief for judgment.  ECF No. 53.

On May 11, 2026, Petitioner filed a motion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e) arguing that *Robbins v. Christianson*, 904 F.2d 492 (9th Cir. 1990) rendered his Petition not moot.  ECF No. 54.  The Court agreed that the Petition was not moot under *Robbins* and granted Petitioner's Amended Motion for Relief from Judgment. ECF No. 63. Petitioner then filed the pending Further Amended Motion for Relief from Judgment Under Fed. R. Civ. P. 60(d)(3).  ECF No. 69.

In his motion, Petitioner asserts the May 18, 2020 judgment denying his petition was "procured by a materially false presentation of the Bureau of Prisons' NIK field-test evidence – specifically, the representation that a NIK Test U 'burgundy' result was a positive identification of a controlled substance – and by the concealment of internal BOP records bearing on that representation."  ECF No. 69, p. 5.  Petitioner asserts that if the Court "set[s] aside" the Test U burgundy result, there was insufficient evidence to convict him of introducing narcotics into the prison and his habeas relief should be granted.  *Id.*

## III.   Legal Standard

To preserve the finality of judgments, Federal Rule 60(b) provides six grounds under which a court may relieve a party from final judgment, including "fraud . . ., misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  The Ninth Circuit requires "[e]xceptions which would allow final decisions to be reconsidered must be construed narrowly in order to preserve the finality of judgments."  *Abatti v. Comm'r*, 859 F.2d 115, 119 (9th Cir.

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                                          **Page 5**

1988); *see also Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003); *Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir. 2003). Such relief must be "reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of red judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998).

Despite the limitations under Rule 60(b) requiring a motion be filed "within a reasonable time," "[c]ourts have inherent equity power to vacate judgments obtained by fraud." *United States v. Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "Federal Rule of Civil Procedure 60(b) preserves the district court's right to hear an independent action to set aside a judgment for fraud on the court" under Rule 60(d). *Appling*, 340 F.3d at 780; *accord Stonehill*, 660 F.3d at 443.

Rule 60(d)(3) allows the Court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). To prevail, Petitioner must show by clear and convincing evidence "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *United States v. Sierra Pac. Indus.*, 100 F. Supp. 3d 948, 955-56 (E.D. Cal. 2015) (quoting *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995)); *see also Appling*, 340 F.3d at 780 ("Fraud on the court requires a 'grave miscarriage of justice,' and a fraud that is aimed at the court.") (internal citation omitted) (quoting *Beggerly*, 524 U.S. at 47)); *Stonehill*, 660 F.3d at 445 (petitioner "must demonstrate, by clear and convincing evidence, an effort by the government to prevent the judicial process from functioning 'in the usual manner.'").

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                                    **Page 6**

"In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harm[ed] the integrity of the judicial process.'" *Stonehill*, 660 F.3d at 444 (alteration in original) (quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)). "Fraud on the court involves 'far more than an injury to a single litigant.'" *Id*. (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S. Ct. 997, 88 L. Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944)).  Although "one of the concerns underlying the 'fraud on the court' exception is that such fraud prevents the opposing party from fully and fairly presenting his case," this showing alone is not sufficient. *Sierra Pac. Indus.*, 100 F. Supp. at 955 (citation omitted).  "Non-disclosure, or perjury by a party or witness, does not, by itself, amount to fraud on the court." *Appling*, 340 F.3d at 780; accord *In re Levander*, 180 F.3d 114, 1119 (9th Cir. 1999) ("Generally, non-disclosure by itself does not constitute fraud on the court. . . . Similarly, perjury by a party or witness, by itself, is not normally fraud on the court.").

IV.    **ARGUMENT**

   a.    **Petitioner Has Failed to Establish Fraud on the Court**

Petitioner cannot establish his claim that respondents committed fraud upon the Court within the meaning of Rule 60(d).  At its core, Petitioner alleges fraud on the Court because respondents followed procedure of using the Test A and Test U kits and results, but did not "objectively preserve[]" the Test A result, did not perform a Test W, and never disclosed BOP emails in the prior proceeding.  ECF No. 69, p. 9.

Petitioner's allegation is based on (a) his review of a variety of NIK manufacturer's instruction manual, many post-dating when his NIK Tests were run and his disciplinary hearing;

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                                  **Page 7**

and (b) emails between BOP officials unrelated to Amphetamines that were sent after Petitioner's NIK Tests were run but before his disciplinary hearing.  None of this information demonstrates that Respondent intentionally misled the court, and it certainly does not rise to "'an unconscionable plan or scheme which is designed to improperly influence the court in its decision" under Rule 60(d)(3).  *Abatti*, 859 F.2d at 118.

First, Petitioner relies upon a variety of manufacturer concerning the NIK tests.  *See* ECF No. 68-1, Exhibits B-E, I, L, N, and Q.  But much of this information was issued after the December 2017 tests.  While some of that information was issued before the December 2017 tests, that information does not establish the conclusion that the substance tested was a controlled substance based on fraud.  Petitioner's motion is premised on the notions that (1) his Test U never turned dark blue to indicate MDMA or Methamphetamine; and (2) Aguilar did not take a video of the Test A.  Aguilar's report indicates the NIK Test U "turned an immediate dark burgundy color, indicating Amphetamines." *Id.*, p. 5.  It further indicates the NIK Test A "had an immediate orange rapidly turning brown color, indicating Amphetamines." *Id.*  Petitioner agrees that Exhibit B (the manufacturer NIK instruction manual chart) was the "chart in force at the December 2017 testing."  ECF No. 68-1, p. 2.  Exhibit B includes the following relevant portion of the flow-chart and footnote Petitioner takes issue with. *Id.*, p. 23.

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                                    **Page 8**



According to the manufacturer instructions Petitioner agrees were in place at the time of the tests and the disciplinary hearing, those tests indicated a positive result for Amphetamines. *See also* Chetwood Decl. Exh. F, p. 2. While Petitioner does not directly say it, in essence he is asking the Court to summarily discredit Aguilar's "conclusory memorandum wording" that both tests indicated Amphetamines. ECF No. 69, p. 18. But broad, unsupported allegations are insufficient to show by clear and convincing evidence fraud on the Court. Even if Petitioner could somehow prove his allegations, perjury, standing alone, does not amount to fraud on the Court. *See Appling*, 340 F.3d at 780; *see also Fly v. Diaz*, 2024 U.S. Dist. LEXIS 231530, *15 (D. Az. Dec. 23, 2024) (finding petitioner's unsupported allegation that "Defendants, their agents, witnesses, or other Declarants lied under penalty of perjury . . .', even if proven, would not amount to fraud on the Court.). Moreover, the Court noted that there was sufficient evidence

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                                    **Page 9**

to deny Petitioner's motion, even if It were to find that the NIK test findings were unreliable. ECF No. 53, p. 7 n.3.

Second, Petitioner wrongly relies on irrelevant e-mails.  The emails were sent between BOP officials between January 23-25, 2018, in between the December 2017 NIK testing and Petitioner's February 2018 disciplinary hearing.  The subject of the chain email is "Follow up – Suboxone related Incident Reports" and the emails detail procedures about writing incident reports for Suboxone.  Petitioner claims these "withheld" emails prove his allegations that Aguilar colluded with the DHO to impose a lenient sentence.  ECF No. 69,  p. 25, 35.  This assertion falls flat.  The emails show BOP officials ensuring all protocols relating to incident reports for a different drug are followed.  These emails do not show that anyone engaged in fraud with respect to testing Suboxone, amphetamines, or any other controlled substance.  They certainly do not demonstrate, as Petitioner asserts, the "institutional corroboration the 2020 record lacked" to demonstrate impartiality on the part of the DHO. ECF No. 69 at 25.  And even if they were "withheld," "[n]on-disclosure . . . by a party or witness, does not, by itself, amount to fraud on the court."  *Appling*, 340 F.3d at 780.

> b.  **The Court Should Deny Petitioner's Request for Discovery and an Evidentiary Hearing**

Petitioner's request for discovery and an evidentiary hearing should also be denied. While he styles his requests as "narrowly tailored," they include irrelevant information, including information related to the Suboxone emails and NIK instruction manuals years after the conduct at issue.  ECF No. 69, pp. 32-33.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Bramley*, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Fed. R. Governing § 2255 Proceedings 6(a). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)). Petitioner's request for discovery must provide reasons for the request. *See* Fed. R. Governing § 2255 6(b).

Petitioner fails to specifically allege how the requested discovery or evidentiary hearing would demonstrate he is entitled to relief. Due process requires "some evidence" of guilt to support the disciplinary finding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." *Hill*, 472 U.S. at 455. The evidence must have some "indicia of reliability." *See Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987) (*citing Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987)).

Here, the record shows, without any further discovery or evidentiary hearing, that there is "some evidence" to support the DHO's findings. The DHO considered the NIK Test U, the NIK Test A, written statements and memoranda from Aguilar, photographic evidence depicting the mail items, Petitioner's email communications with Rasmussen, and Petitioner's statement at the DHO hearing and Petitioner's written submission. Chetwood Decl. Exh. E, pp. 2-3. While

**Respondent's Response to Further Amended**
**Motion for Relief from Judgment Under**
**Fed. R. Civ. P. 60(d)(3)**                                                      **Page 11**

Petitioner may not like the fact that the Test A result was not videotaped or an unrequired Test W was not run, that does not eliminate Aguilar's memorandum or its evidentiary value or transform his disciplinary hearing into a "no-evidence case."  ECF No. 69, p. 18.

V.    **CONCLUSION**

For the foregoing reasons, Petitioner's motion should be denied.

Dated: July 23, 2026                          Respectfully submitted,

                                              SCOTT E. BRADFORD
                                              United States Attorney

                                              */s/ Meredith D.M. Bateman*_____
                                              Meredith D.M. Bateman, OSB #192273
                                              Assistant United States Attorney
                                              Staci Schoff, CAB #320692
                                              Special Assistant United States Attorney

**Respondent's Response to Further Amended
Motion for Relief from Judgment Under
Fed. R. Civ. P. 60(d)(3)**                                              **Page 12**