Billy F. Steffey, Petitioner, Self-Represented
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

BILLY F. STEFFEY,

Petitioner,

v.

WARDEN, FCI LOMPOC,

Respondent.

Case No. 3:19-cv-00093-JR

**PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBIT S AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FURTHER AMENDED MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(d)(3) (ECF 69)**

The Honorable Michael H. Simon

## LR 7-1(a) CERTIFICATION

In compliance with LR 7-1(a), Petitioner certifies that on November 16, 2026, he conferred by telephone with Assistant United States Attorney Meredith D.M. Bateman, counsel for Respondent, about this motion and the relief it requests, after providing her a copy of the proposed supplemental memorandum at her request. Counsel stated that Petitioner may file the memorandum. Counsel also stated that Respondent will not provide the unredacted Advisory to the Court. The parties were therefore unable to resolve the alternative relief the memorandum requests.

## MOTION

Petitioner Billy F. Steffey moves for leave to supplement the record on his Further Amended Motion for Relief from Judgment under Fed. R. Civ. P. 60(d)(3) (ECF 69). That motion has been fully briefed since July 27, 2026. ECF 73, 74. Petitioner asks for an order:

1. granting leave to file Supplemental Exhibit S, which is the Bureau of Prisons' November 13, 2026 release letter and the four redacted pages of its March 27, 2017 SIS Advisory, and the proposed Supplemental Memorandum attached to this motion as Attachment 1, and stating that the Court will consider both with ECF 69;
2. deeming the Supplemental Memorandum filed on the date of the order;
3. allowing Respondent 14 days from the date of the order to respond, with no reply unless the Court requests one; and
4. in the alternative, if the Court declines further argument, receiving Supplemental Exhibit S and the Third Supplemental Declaration of Billy F. Steffey into the record on ECF 69 without the memorandum.

This motion is supported by the memorandum below, the Third Supplemental Declaration of Billy F. Steffey, and Supplemental Exhibit S.

## MEMORANDUM IN SUPPORT

**1. Leave is required, and the Court may grant it.** After a reply, "[u]nless directed by the Court, no further briefing is allowed." LR 7-1(e)(3). Petitioner therefore asks for leave. The Court's authority to receive evidence bearing on whether its own judgment was obtained by fraud is settled: "The power to unearth such a fraud is the power to unearth it effectively." *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946).

**2. Petitioner did not have the exhibit when briefing closed.** He filed his reply on July 27, 2026. At that time the Bureau had withheld in full the four pages responsive to his Freedom of Information Act request for the March 27, 2017 SIS Advisory, and the reply said so. ECF 74 at 7, 25; ECF 74-2 at 8–9. On November 13, 2026, the Bureau released in part four pages of that Advisory, which its letter calls "4 additional pages." Third Supp. Decl. ¶¶ 3–5, 7; Supp. Ex. S at S-2–S-7. Petitioner brings this motion promptly, after conferring with Respondent's counsel as LR 7-1(a) requires.

**3. The exhibit is the document the pending briefing is about.** The reply called this Advisory "the central missing source document." ECF 74 at 21. It asked the Court to inspect the withheld pages in camera before denying relief on any unresolved question of "actor, intent, or institutional source." *Id.* at 38; *see id.* at 7, 34–35. The reply also stated in advance what would make the Advisory material and what would end the inquiry. *Id.* at 7, 18, 24. The Court can now apply those statements to the document itself.

**4. The record should be accurate whichever way the document cuts.** The reply told the Court that the responsive pages were "withheld in full." ECF 74 at 25. Since then the Bureau has released four pages of the Advisory in part. Whether they are the pages withheld on May 28 is unknown. Third Supp. Decl. ¶ 7. Either way, the reply's description is out of date, and the Court should not have to decide a submitted motion on it.

**5. The supplement is narrow, and Respondent is not prejudiced.** The proposed memorandum is 10 pages and addresses only the released pages. It raises no new claim, withdraws no concession made in the reply, and asks the Court to review no other proceeding. It narrows, and does not enlarge, the alternative relief already requested at ECF 69 at 32–34 and ECF 74 at 34–35. Petitioner proposes that Respondent have 14 days to respond and that there be

no reply. *Cf.* Rule 7(c), Rules Governing Section 2254 Cases (party against whom additional materials are offered must have “an opportunity to admit or deny their correctness”); ECF 30 at 11 n.2 (applying those Rules in this § 2241 case under Rule 1(b)).

**6. Related case.** The release came in *Steffey v. Federal Bureau of Prisons*, No. 2:26-cv-03395-TLN-SCR (E.D. Cal.), a Freedom of Information Act action Petitioner filed on September 28, 2026, after the reply. Third Supp. Decl. ¶ 6. That action concerns public disclosure under FOIA. This motion asks this Court to decide no FOIA question.

Petitioner respectfully asks the Court to grant leave and enter the order described above.

Dated: November 17, 2026.

Respectfully submitted,

Billy F. Steffey
Petitioner, Self-Represented
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 955-6332
Email: bsteffey@mac.com